**BREWERY, INC., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 93–3744.

United States Court of Appeals, Sixth Circuit.

Argued June 24, 1994.

Decided Aug. 25, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 12, 1994.

Bernard D. Mazer (argued and briefed), Bernard D. Mazer & Associates, Dublin, OH, for plaintiff-appellant.

Charles E. Brookhart, Roger E. Cole (argued), Gary R. Allen, Acting Chief (briefed), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for defendant-appellee.

Before: KEITH, BOGGS, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Plaintiff Brewery, Inc. (dba "Bogey Inn") brought this action to recover a refund of penalties assessed by the Internal Revenue Service (IRS) for failure to timely pay employee withholding and social security (FICA) taxes and failure to timely deposit these taxes pursuant to 26 U.S.C. §§ 6651(a)(2) and 6656. Plaintiff appeals the district court's grant of summary judgment in favor of the government.

**I.**

In 1987, the owners of the Bogey Inn decided to expand and remodel their restaurant. This expansion required the installation of a new sewage system, the expense of which was to be shared by several area property owners. One of the property owners went bankrupt and the Bogey Inn was forced to pay an unexpected sewage disposal cost of $8,000 per month and an additional $125,000 for the completion of the system. Also, the actual cost of remodeling the Bogey Inn was $900,000 rather than $600,000 as had been expected.

In early 1989, the City of Columbus began renovation of a bridge over the Scioto River almost directly in front of the Bogey Inn. This cut off the main route of access to the restaurant and resulted in a loss of approximately fifty percent of the restaurant's projected business. The bridge was not reopened until May, 1991. The unexpected costs and lost revenue resulted in an operating loss of $4,200 for 1990. In its complaint, the plaintiff stated that in order to "weather this interim period of negative cash flow" the owners "realized that some creditors would have to wait for their payments." Unfortunately, the Bogey Inn considered the IRS one of those "creditors."

From January 1, 1988, through June 30, 1990, the Bogey Inn withheld federal income, FICA, and Medicare taxes from the paychecks of its employees, but did not timely deposit the withheld taxes or pay the employer's share of FICA and Medicare taxes over to the IRS. The IRS assessed penalties for failure to file informational returns pursuant to 26 U.S.C. § 6651(a)(1), failure to pay taxes pursuant to 26 U.S.C. § 6651(a)(2), and failure to deposit taxes pursuant to 26 U.S.C. § 6656(a) for tax years 1988, 1989, and for the first two quarters of 1990. The Bogey Inn paid the tax penalty assessments in full and then filed claims for refunds, claiming that its failure to pay the withholding taxes and to timely deposit the funds was due to reasonable cause and not willful neglect. The IRS denied the refund claims.

The Bogey Inn brought this refund action on March 4, 1992. On June 21, 1993, the district court granted summary judgment in favor of the government. This appeal followed.

**II.**

The Bogey Inn, as an employer, was required to withhold federal FICA, Medicare, and income taxes from the salaries of its employees and to pay the withheld amounts to the United States. 26 U.S.C. §§ 3101, 3102(a), 3102(b), and 3402 (1988). The Bogey Inn was also required to pay its own FICA and Medicare contributions on behalf of its employees. 26 U.S.C. § 3111. The withheld taxes are "not simply a debt; they are part of the wages of the employee, held by the employer in trust for the government." *Gephart v. United States*, 818 F.2d 469, 472 (6th Cir.1987); *see* 26 U.S.C. § 7501.

Since the Bogey Inn had a weekly tax liability exceeding $3,000, it was required to make weekly deposits of the federal employment taxes due from the previous week. 26 U.S.C. § 6302; 26 C.F.R. § 31.6302(c)–1. It was further required to file a quarterly federal tax return, known as a Form 941, along with payment for the tax due, one month

after the conclusion of each quarter. 26 U.S.C. §§ 6011(a), 6151; 26 C.F.R. §§ 31.-6011(a)–1(a)(1), 31.6011(a)–4, 31.6071(a)–1(a). Although the Bogey Inn withheld taxes from its employees, it did not timely deposit or pay the taxes to the IRS.

## A. TRUST FUND TAXES

■■■ In its appellate brief, the Bogey Inn conceded, "there is no doubt that the Appellant made a willful decision to use its available funds to pay creditors ahead of the government." Appellant argued that "there is no requirement in the Code or Treasury Regulations that mandates the segregation of the Trust Funds from the Appellant's other operating funds." These two statements reveal the fundamental flaw in appellant's argument—the appellant concedes that these funds were trust funds that were to be held in trust for the government but treated those funds as part of the Inn's "available funds." The simple fact that the money is held in trust for the government indicates that the money does *not* belong to the taxpayer and that it is clearly not simply part of its "other operating funds."

The Internal Revenue Code provides for penalties when employers fail to deposit and pay taxes that have been withheld from employees. Title 26 U.S.C. § 6656(a) prescribes the penalties to be assessed for a taxpayer's failure to deposit federal employment taxes with a government depository by a prescribed date. A taxpayer also will be penalized for failing to pay the amount due on a tax return when the return is filed under 26 U.S.C. § 6651(a)(2). Both penalty statutes allow a taxpayer to avoid paying penalty assessments if it can show that the failure was "due to reasonable cause and not due to willful neglect." 26 U.S.C. §§ 6651(a)(2), 6656(a). The Bogey Inn's contention, that it is entitled to a refund of its penalty assessments because its failure to pay was due to reasonable cause and not willful neglect, is not persuasive.

■■■ A taxpayer can establish reasonable cause by making a satisfactory showing that it exercised ordinary business care and prudence in providing for payment of the taxes but nevertheless was either unable to pay or would have suffered an undue hardship if it had paid on the due date. 26 C.F.R. § 301.6651–1(c). The regulations further state:

> In determining if the taxpayer exercised ordinary business care and prudence in providing for the payment of his tax liability, consideration will be given to the nature of the tax which the taxpayer has failed to pay. Thus, for example, facts and circumstances which, because of the taxpayer's efforts to conserve assets in marketable form, may constitute reasonable cause for nonpayment of income taxes may not constitute reasonable cause for failure to pay over taxes described in section 7501 that are collected or withheld from any other person.

26 C.F.R. § 301.6651–1(c)(2). Thus, since the funds not deposited or paid to the IRS in this case were funds held in trust for the United States under 26 U.S.C. § 7501, the facts and circumstances required to establish reasonable cause must be particularly compelling.

■ The district court was correct in finding that since the trust fund taxes are for the exclusive use of the government, the use of trust funds for the payment of other creditors cannot, as a matter of law, constitute reasonable cause for abating the penalties assessed under 26 U.S.C. §§ 6656 and 6651. The district court stated, "the nonpayment of withholding taxes resulted from the taxpayer's willful decision to invade the trust fund and use the government's money for its own purposes. The Court concludes that financial difficulties can never constitute reasonable cause to excuse the penalties for nonpayment of withholding taxes by an employer." *Brewery Inc. v. United States*, No. C2–92–212, 1993 WL 367567, at *2 (S.D. Ohio June 21, 1993). We agree with the district court.

This Court has reached a similar conclusion in an analogous case. In *Collins v. United States*, 848 F.2d 740 (6th Cir.1988), this Court addressed a taxpayer's claim for refund of taxes assessed under 26 U.S.C. § 6672(a). Title 26 U.S.C. § 6672(a) holds a taxpayer personally liable for unpaid taxes withheld from the earnings of employees if the taxpayer is an officer or an employee of a corporation who is under a duty to collect

and pay over taxes to the government and willfully fails to do so. Unlike the statutes at issue in this case, section 6672(a) does not have a reasonable cause exception. Even so, the reasoning of this Court in *Collins* is persuasive for the instant case. In *Collins*, we said,

> Taxes withheld from the wages of an employee are held by the employer in trust for the government. 26 U.S.C. § 7501(a). These trust fund taxes are for the exclusive use of the government and cannot be used to pay business expenses of the employer, including salaries. *Gephart v. United States*, 818 F.2d 469, 472 (6th Cir. 1987). It is no excuse that, as a matter of sound business judgment, the money was paid to suppliers and for wages in order to keep the corporation operating as a going concern—the government cannot be made an unwilling partner in a floundering business. *See Thibodeau v. United States*, 828 F.2d 1499, 1506 (11th Cir.1987).

*Collins*, 848 F.2d at 741–42.

▊ In this case, the distinction that the penalties imposed were upon the company, and not upon individuals, does not lessen the power of this Court's reasoning in *Collins*. The Bogey Inn has conceded that it willfully chose to invade the funds held in trust for the government in order to pay other creditors. The Bogey Inn cannot now claim that this willful decision constituted reasonable cause. This was not a situation in which there were *no funds* available to pay the trust fund taxes. Rather, the Bogey Inn ran short of operating funds and willfully chose to invade the funds held in trust for the government in order to pay its creditors. We agree with the district court that such actions cannot, as a matter of law, constitute reasonable cause. The Bogey Inn must pay the price for its decision, and that price is mandated in the form of penalties assessed under 26 U.S.C. §§ 6656 and 6651. The Bogey Inn cannot be permitted to self-execute a government loan, *see C.J. Rogers, Inc. v. United States*, No. 89–70209, 1990 WL 255586 (E.D. Mich. Sept. 17, 1990), or to make the government "an unwilling partner in a floundering business." *Collins*, 848 F.2d at 742.

We find that the district court was correct in its conclusion that the Bogey Inn's failure to pay withholding taxes was not due to reasonable cause but rather constituted willful neglect. Accordingly, we affirm the district court's grant of summary judgment in favor of the government.

## B. NON–TRUST FUND TAXES

▊ We note that the employer's obligation to pay the employer's share of FICA and Medicare taxes under 26 U.S.C. § 3111 constitutes a tax liability that is not held in trust, a distinction not explicitly made by the district court. Although the employer's obligation under 26 U.S.C. § 3111 is not part of the trust fund, we find that this portion of the unpaid tax liability should nonetheless be dealt with in the same manner as the trust funds since it is an obligation of the employer on behalf of the employee. The employer's share of these taxes is an excise tax upon the relation of employment. *See Helvering v. Davis*, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937). FICA expressly provides that fully insured individuals who have attained the minimum age and have complied with the application process are entitled to an award of social security benefits. 42 U.S.C. § 402(a) (1988). Thus the tax is for the specific benefit of employees and 42 U.S.C. § 402 does not condition the award of benefits on whether the employer actually paid its share of the taxes.[1]

The reasoning utilized in relation to an employer's failure to pay withheld employee taxes applies with equal force to an employer's share of FICA or Medicare. There is, in reality, no such thing as the "employer's share" since the taxes under 26 U.S.C. § 3111 inure to the benefit of the employee. Additionally, the employer's share is effectively paid for to the detriment of the employee. Most economists agree that the employer's share of social security taxes is ultimately borne by the employees in the form of lower wages. Employers consider the employer's share as a portion of their total labor costs attributable to the total output of the employee, and thus, subtract the expenditure from the wages or benefits they might other-

---

1. Similarly the employee is credited for tax purposes with paying the sum withheld from his wages even if the employer does not, in fact, pay the withheld monies to the government.

wise pay their employees. *See* Thomas B. Edsall and Spencer Rich, *For 25% of Taxpayers, Social Security Levy Exceeds Income Tax,* Wash. Post, December 23, 1981, at A2. We find that the employer's obligation to pay FICA and Medicare is much more closely analogous to the trust funds than to individual income tax obligations. Accordingly, we find that the district court's failure to deal with the employer's portion of FICA and Medicare separately, if error, is harmless since the same reasoning applies.[2]

### III.

For the foregoing reasons, the district court's grant of summary judgment in favor of the government is **AFFIRMED**.

---

**2.** As to both the non-trust fund portion and trust fund portion of tax liability, the Bogey Inn made no effort to utilize provisions of the tax code which permit extensions of time to pay tax liabilities. 26 U.S.C. § 6161. The Bogey Inn did not attempt to get an extension of time; neither did it attempt to arrange to pay the tax liability in installments, as provided under 26 U.S.C. § 6159; rather, the owners made a willful decision not to pay the tax.