**In the Matter of UPTON PRINTING COMPANY, Debtor.**

**Bankruptcy No. 89–11676B.**

United States Bankruptcy Court, E.D. Louisiana.

June 5, 1995.

John M. Bilheimer, U.S. Dept. of Justice, Tax Division, Washington, D.C., for Internal Revenue Service.

Douglas S. Draper, New Orleans, Louisiana, for Debtor.

### MEMORANDUM OPINION

THOMAS M. BRAHNEY, III, Chief Judge.

This matter came before the Court on a Motion to Determine Tax Liability filed by the Debtor, Upton Printing Company. The

Motion addresses the federal tax liability of the Debtor. A hearing was held on the Motion at which time the Court heard the statements of counsel and the testimony of witnesses and received documents into evidence. The hearing was continued in order for the attorney for the Internal Revenue Service ("IRS") to obtain certain documentation requested by the Court. That documentation was subsequently submitted. Upon consideration of the evidence offered at the hearing, the supplementary documentation submitted, the memoranda submitted, the record in the case and the applicable law, the Court enters the following Memorandum Opinion.

The Debtor is a commercial printing company located in New Orleans, Louisiana. The Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on May 4, 1989. Subsequently, the Debtor filed this Motion pursuant to 11 U.S.C. § 505 seeking to have the Court determine the amount and priority of its state and federal tax liabilities, which the Debtor claimed it did not have the sufficient information to determine. The state tax liability was ultimately worked out between the Debtor and the Louisiana Department of Taxation and Revenue. Still at issue is the remaining federal tax liability.

Apparently, in August of 1990, prior to the hearing on this Motion, the Debtor's special tax counsel wrote a detailed letter to the IRS agent responsible for the Debtor's case in which he requested that the IRS abate the remaining unpaid portion of the assessment relating to FICA and FUTA taxes, penalties and interest owed by the Debtor. He requested this pursuant to Section 6404(a) of the Internal Revenue Code (26 U.S.C. § 6404(a)). At the hearing in this Motion, the IRS agent, Darlene Otterstetter, stated that she received the request, reviewed it with her supervisor, and denied it the next day. That denial was apparently based, at least in part, upon guidelines that do not allow abatement, especially of penalties, if the taxpayer has used funds which should have been earmarked for taxes to pay other creditors, which the Debtor had admitted had occurred. It was also brought out at the hearing that the IRS' computation of the

Debtors' tax liability, as reflected in the first Proof of Claim submitted, did not properly allocate payments made by the Debtor and by a responsible party, the Debtor's president, Mr. William Bell. The IRS did file, prior to the hearing, an amended Proof of Claim which they assert reflects the appropriate amount and status of the tax liability. The Debtor still contested the computations. It was this dispute which prompted the Court to require support documentation for the IRS claim, as well as a summary of the taxes owed. This documentation has been provided. The Debtor, however, filed nothing in response to this documentation, apparently willing to let the evidence offered at the hearing support its position.

Section 6404(a) of the Internal Revenue Code, under which the Debtor seeks abatement of the remaining federal tax liability, provides for abatement of unpaid taxes or other liabilities which are "excessive in amount" or "assessed after the expiration of the period of limitation" or "erroneously or illegally assessed." With respect to the taxes and interest portions of the IRS claim in this case, the Court has reviewed the documentation provided by the IRS and finds it to be supportive of the IRS claim. The Debtor has offered no documentation to support a lesser figure for taxes and interest other than the abatement letter with its accompanying exhibits. Those exhibits included copies of the checks written by Mr. Bell and a schedule of federal taxes, interest and penalties apparently prepared by the Debtor, but with no supporting documentation. The Court can, therefore, not find any basis for the abatement of the taxes and interest portions of the IRS claim.

■ Regarding the *penalty* portion of the IRS claim, the Debtor is apparently basing its request for abatement on the provisions of 26 U.S.C. §§ 6651 and 6656. These statutes allow for the imposition of penalties for failure to file returns, pay taxes or make deposits of taxes *unless* "such failure is due to reasonable cause and not due to willful neglect...." Reasonable cause sufficient to avoid these penalties "may be established if the taxpayer can make a satisfactory showing that it exercised ordinary business care and

prudence in providing for payment of the taxes but nevertheless was either unable to pay or would have suffered an undue hardship if it had paid on the due date." *Brewery, Inc. v. United States*, 72 A.F.T.R.2d 93–5420, 93–2 USTC ¶ 50,479, 1993 WL 367567 (S.D.Ohio 1993), *aff'd*, 33 F.3d 589 (6th Cir. 1994), citing 26 C.F.R. § 301.6651–1(c). The federal regulations do provide that, in determining whether the taxpayer used ordinary business care and prudence, "consideration will be given to all the facts and circumstances of the taxpayer's financial situation" and to the "nature of the tax which the taxpayer failed to pay...." Treasury Regulation § 301.6651–1(c)(1) and (2) (26 C.F.R.) It is well settled that, in an action to abate a penalty assessment, it is the taxpayer's burden to prove the existence of the requisite reasonable cause. *Estate of Geraci v. Commissioner*, 502 F.2d 1148 (6th Cir.1974).

▪ In this case, the Debtor asserts that its financial difficulties beginning in late 1984 and 1985, in part due to general economic hardship in the New Orleans area, were the reason that payment and depositing of the subject taxes would have been an undue hardship for the Debtor. Mr. Bell testified that, in what he considered was an exercise of ordinary business care and prudence, despite certain cost-cutting measures, the Debtor decided to keep current with payroll and supplier expenses rather than pay the taxes due. This was apparently done to keep the business operating in spite of decreased sales and cash flow problems. The Debtor relies heavily on two cases to support its argument that it had reasonable cause for its failure to file returns, pay taxes and make required tax deposits. In one of those cases, *Glenwal–Schmidt v. United States*, 78–2 USTC ¶ 9610, 1978 WL 4527 (D.D.C.1978), the taxpayer had a sizeable contract with the United States Navy. Due to contract disagreements, the Navy began to withhold contract payments. In order to continue with the project while the dispute was being resolved, Glenwal–Schmidt used its limited income to pay essential subcontractors and suppliers and failed to deposit certain withholding taxes. The court found that, since the taxpayer had a right to rely on the Navy contract and it could not foresee the noncompliance by the Navy, its failure to pay its tax liability was with reasonable cause.

The Debtor claims the second case, *In re Pool & Varga, Inc.*, 60 B.R. 722 (Bankr. E.D.Mich.1986), is highly similar to the Debtor's case and should be followed here. In *Pool*, the debtor was also a printing business which, in part due to an economic recession in its geographic area, was undergoing severe financial hardship. The testimony was essentially that, despite taking certain steps to aid financial recovery, the debtor decided it had to pay those expenses necessary to keep the business running, instead of making timely tax payments. The debtor ultimately filed for Chapter 11 relief. The court found that "the debtor has made a sufficient showing that its financial situation was such that its business would have been irreparably injured or terminated had it paid or deposited the taxes in full on the due date, in other words, that it would have imposed an undue hardship...." *Id.* at 728.[1]

These two cases have been criticized by other courts as anomalous and not well reasoned. *See Brewery, supra* and *C.J. Rogers, Inc. v. United States*, 66 A.F.T.R.2d 90–5831, 91–1 USTC ¶ 50,297, 1990 WL 255586 (E.D.Mich.1990). *See also In re Hallock*, 154 B.R. 297 (Bankr.D.Ariz.1993). Prior to the decision in *Pool*, the court in *Wolfe v. United States*, 612 F.Supp. 605 (D.Mont.1985), *aff'd*, 798 F.2d 1241 (9th Cir.1986) had found that economic difficulties do not constitute reasonable cause for failure to pay taxes. The court stated that "[a]lmost every non-willful failure to pay taxes is the result of financial difficulties. But to allow businesses to postpone filing returns and paying taxes until economic conditions improve would severely restrict the Service's ability to raise revenue for the operation of the federal government." *Id.* at 608. In an analogous situation regarding the penalties provided for in 26 U.S.C. § 6672(a), the Sixth Circuit had stated that "[i]t is no excuse that, as a matter of sound business judgment, the money was paid to

---

**1.** The court in *Pool* did find that the debtor had *not* established reasonable cause for failure to *file* *returns* and allowed the assessment of the penalties for that failure.

suppliers and for wages in order to keep the corporation operating as a going concern— the government cannot be made an unwilling partner in a floundering business." *Collins v. United States*, 848 F.2d 740, 741–42 (6th Cir.1988). The court in *C.J. Rogers, supra*, found that this policy applied equally to penalties under §§ 6651 and 6656 and went on to find that "[a]dopting the broad reading of the term 'reasonable cause' urged by [the taxpayer] would effectively enable failing corporations to self-execute government loans." *C.J. Rogers*, 1990 WL 255586, *2.

The court in *Brewery, supra*, noted that the "circumstances in which a taxpayer could establish reasonable cause for failure to pay withholding taxes are limited to situations in which the taxpayer has made reasonable efforts to protect the trust funds but those efforts have been frustrated by circumstances outside the taxpayer's control, such as the failure of a financial institution." *Brewery*, 1993 WL 367567, *3. That court held that financial difficulties can *never* be sufficient to constitute reasonable cause for not assessing penalties for nonpayment of withholding taxes. This Court agrees with the reasoning and the policy statements in the cases cited above. In so holding, the Court disagrees with the legal position taken by the court in *Pool*, even though that case appears to have facts similar to this case. Because the Debtor here has offered no showing of reasonable cause other than that related to its financial condition prior to the filing of this case, the Court must find that the Debtor has not shown reasonable cause sufficient to excuse the imposition of penalties under §§ 6651 and 6656 for failure to file, failure to pay and failure to deposit. Therefore, the Debtor's request for an abatement of those penalties is unwarranted.

The IRS Proof of Claim filed on August 22, 1990 set the tax liability at a total of $130,098.43. The most recent calculation by the IRS of their total claim was as of July 13, 1992 and was $133,772.36 (accounting for post-confirmation interest and plan payments made). Therefore, the Court does not have a current calculation of the amount of the IRS claim. Nevertheless, the Court will deny the Debtor's request for an abatement of taxes,

interest and penalties in its entirety and will set the tax liability at a total of $133,772.36 as of July 13, 1992, with the current liability to be calculated and submitted to the Debtor by the IRS within two weeks from the entry of this Order.