Janice C. LUCE, Plaintiff,

v.

David L. LUCE, Jr., et al., Defendants.

United States of America, Plaintiff,

v.

Janice C. Luce, et al., Defendants.

Nos. C–2–99–295, C–2–99–1389.

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 27, 2000.

Christopher John Minnillo, McCorkle & Minnillo, Columbus, OH, for Plaintiff.

John S. Jones, Worthington, OH, S. Robert Lyons, U.S. Dept. of Justice, Washington, DC, for Defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

Plaintiff, Janice C. Luce, filed the former action in Licking County Common Pleas Court to quiet title to real property she once owned that was assessed with a

tax lien for her failure to pay federal payroll taxes from a business in which she was an incorporator, shareholder, and officer. The United States filed the latter action and consolidated the cases to ensure this Court's subject matter jurisdiction over the former action as it is alleged that plaintiff does not own the property to which she attempts to quiet title. The United States brought suit against Janice Luce for the unpaid taxes and cross-claimed David L. Luce, Jr. and Daniel Luce, sons of plaintiff and her former husband, David L. Luce, Sr., who is now deceased. Defendant United States also has filed a third party complaint against Park National Bank, which holds a Certificate of Deposit by which the defendant desires to satisfy the judgment it seeks against plaintiff. Defendant United States filed a motion for summary judgment on its own claim for judgment on the unpaid taxes and also on plaintiff's quiet title action. Plaintiff opposed defendant's motion and filed for summary judgment on her quiet title claim. For reasons that follow, the Court grants the motion of defendant United States and denies the motion of plaintiff Janice Luce.

## I. FACTS

Plaintiff, Janice Luce, formed "Grandma Jan's Cookies, Inc.," ("Grandma Jan's") with her then-husband, David L. Luce, Sr. in September 1986. The business consisted of making and selling cookies in retail shops. It grew to 20–30 employees who worked at one wholesale and three retail locations. Plaintiff Jan Luce was the corporation's sole incorporator, agent for service of process, President, and at all time held at least 50% of the issued shares of the corporation. Plaintiff Luce was responsible for the common day-to-day decisions of the business, while her husband oversaw the business' finances and made all fundamental business decisions. The business encountered financial difficulty in 1987 and was failing to timely pay its debts. Because of the business' lack of funds, among the debts the business failed to pay were employee withholding taxes

due to the Internal Revenue Service. Plaintiff Luce asserts that among the fundamental business decisions made by her husband was what creditors would be paid during the business' cash flow emergencies.

Plaintiff Jan Luce admits that she was at all times aware that withholding taxes were not being paid by the business (Luce Depo., p. 26). The business ceased operation on March 28, 1988. On September 4, 1989, the IRS assessed Plaintiff Jan Luce for a Trust Fund Recovery Tax Penalty (otherwise known as a 100% penalty) in the amount of $28,746.75, pursuant to 26 U.S.C. § 6672.

Janice and David Luce divorced in May 1995. David Luce, Sr. died from cancer in 1996. Thereafter, a dispute arose over whether the proceeds of a life insurance held by David Luce, Sr. were payable to Jan Luce or Crossclaim-defendants Daniel and David Luce, Jr., sons of plaintiff and David Luce, Sr. The parties agreed that plaintiff Jan Luce would receive 25%, or $33,000, of proceeds initially distributed by the insurance company. She did not use any of this money to satisfy the trust find liability. Later, Plaintiff Jan Luce brought suit against her sons for 25% of an additional $198,0000 in life insurance proceeds that were later distributed.

The parties settled the insurance proceeds litigation for $41,500. Of this amount, $10,000 was payable immediately in cash to Jan Luce. The remaining $31,500 was to be held in a certificate of deposit at Third Party Defendant Park National Bank because real property ("the Linnville Road property") that David Luce, Sr. had bequeathed to his sons was the subject of a tax lien for the amount of the trust fund assessment which Jan Luce refused to pay. The Luce Settlement Agreement provided that the funds were to be used to satisfy the trust fund assessment and release the lien on the Linnville Road property in the event Plaintiff Jan Luce was unable to remove the tax lien by judicial means.

Pursuant to the Luce Settlement Agreement, Plaintiff Jan Luce filed a quiet title action in state court seeking a declaration that the tax lien could not attach to the Linnville Road property. The United Stated removed the action to this Court and filed counterclaims to (1) reduce the trust fund penalty against Janice Luce to judgment; (2) foreclose the federal tax lien on the Linnville Road property; and, (3) to foreclose the federal tax lien upon the $31,500 certificate of deposit at Park National Bank. Thereafter, the United States and crossclaim-Defendants Daniel Luce and David Luce, Sr. reached agreement whereby the tax lien on the Linnville Road property would be discharged in exchange for their placement of $4,500 into Court. The agreement provides that the funds are to be paid to the United States if the government obtains judgment against Janice Luce, and alternatively, are to be returned to them should the United States fail to obtain judgment, or if the Court finds that the tax lien was not property attachable to the Linnville Road property.

## II. SUMMARY JUDGMENT STANDARD

The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Sixth Circuit Court of Appeals has recognized that Liberty Lobby, Celotex and Matsushita have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir.1989). The court in Street identified a number of important principles applicable in summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. Id. at 1479. In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.' " Id. (quoting Liberty Lobby, 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. Id. It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts." Id. (quoting Matsushita, 475 U.S. at 586, 106 S.Ct. 1348).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Id. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

## III. DISCUSSION

### A. Janice Luce's Liability Under Section 6672

Employers are required to regularly withhold federal income and Social Security taxes from their employees' wages. 26 U.S.C. §§ 3101–02, 3402. These taxes are collected from employers on a quarterly basis. The withholding taxes are not a mere debt, but "are part of the wages of the employee, held by the employer in trust for the government." *Gephart v. United States*, 818 F.2d 469, 472 (6th Cir. 1987); 26 U.S.C. § 7501(a). Since the government has no recourse against individual taxpaying employees if these taxes are not paid at the end of each quarter, federal law imposes a 100% penalty tax[1] on any person who willfully fails to collect, truthfully account for, and pay over these taxes. *See* 26 U.S.C. § 6672. 26 U.S.C. § 6671(b) defines "person" as "an officer, or employee of the corporation ... who as such officer or employee ... is under a duty to perform the act in respect of which the violation occurs." Therefore, for liability to arise under § 6672, the person assessed must meet two requirements: (1) he must be a "responsible person," or one who is required "to collect, truthfully account for, and pay over" the tax; and (2) he must have willfully refused to pay the tax. *See McDermitt v. United States*, 954 F.2d 1245, 1251 (6th Cir.1992).

#### 1. Responsible Party

The test for determining whether a party is a responsible person is a functional one focusing mainly on the degree of influence and control which the person exercised over the financial affairs of the corporation, particularly with regard to the disbursement of funds and payment to creditors. *See Cline v. United States*, 999 F.2d 539, 1993 WL 272516, *3 (6th Cir.1993)(citing *Gephart*, 818 F.2d 469, 473). The test for responsibility is one of status, duty, and authority rather than knowledge. *See Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir.1987). Factors or indicia of responsibility include: (1) holding of a corporate office; (2) the ability to sign checks of the corporation; (3) stock ownership; (4) the ability to hire and fire employees; (5) signing corporate tax forms; and, (6) control of financial affairs, including the authority to disburse funds. *See Gephart*, 818 F.2d at 473; *Thibodeau*, 828 F.2d at 1503 (citations omitted).

It is undisputed that plaintiff was President of Grandma Jan's and its only officer[2] (Janice C. Luce Depo., p. 16, 20; Doc. 19, Exhs. 5–8). It is also undisputed that plaintiff had sole power to sign corporate checks (Doc. 19, Exhs.9, 13). It is equally undisputed that plaintiff owned at least 50%, if not all, of the stock of Grandma Jan's (Do. 19, Exh. 3, Line 7; Jan Luce Depo., p. 16, pp. 33–35). It is also undisputed that plaintiff retained the power to hire and fire Grandma Jan's employees (Doc. 19, Exh. 14, p. 4; Janice C. Luce Depo., pp. 16–17). It is also undisputed that plaintiff signed each of Grandma Jan's Forms 941 at issue in this action (Doc. 19; Exh. 2, Line 29; Doc. 19, Exhs. 5–8).

The evidence also indicates that Plaintiff Jan Luce also had extensive control of Grandma Jan's financial affairs. Liability is predicated upon the existence of significant, rather than absolute, control of the corporation's finances. *See Gephart*, 818 F.2d at 473. Plaintiff Jan Luce admitted that she was "in charge of everything" (Doc. 19, Exh. 2, Line 4). Plaintiff opened the corporation's checking accounts at

---

1. Although the liability imposed by § 6672 is a penalty in name, it is not penal in nature. Rather, it is a civil action whereby the government can collect from a corporate officer or employee those taxes that he has withheld and which he should have rightfully accounted for and paid over at an earlier time. *See Monday v. United States*, 421 F.2d 1210, 1216 (7th Cir.), *cert denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970).

2. The Court notes that this is in violation of O.R.C. § 1701.64 which requires that a corporation elect a President, Secretary, and Treasurer.

three separate banks (Janice Luce Depo., pp. 30–32). Plaintiff's name is the sole name that appeared on the signature card (Doc. 19, Exh., 9) and company checks (Doc. 19, Exh. 13; Janice Luce Depo., p. 17, 29). Plaintiff's name also appeared on the corporation's banking statements (Doc. 19, Exh. 10–12). Plaintiff also admits that she paid the business' vendors (Janice Luce Depo., p. 19–20).

■ Certainly, as many courts have held, any of these factors alone or in combination with others could be enough in certain circumstances to warrant plaintiff being found a responsible person as a matter of law. *See Mazo v. United States,* 591 F.2d 1151, 1155 (5th Cir.), *cert. denied sub nom. Lattimore v. United States,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979)(court held that general manager who had control of company's day-to-day affairs was responsible person as a matter of law despite not being an officer, director, or shareholder of the company); *McCray v. United States,* 910 F.2d 1289 (5th Cir.1990)(court held that although he was not responsible for day-to-day affairs of the corporation, taxpayer was responsible person as a matter of law based on his position as chairman of the board and vice-president); *Howard v. United States,* 711 F.2d 729 (5th Cir.1983)(court held that corporation's executive vice-president was a responsible person as a matter of law, even though he owned a minority of the corporation's stock and ultimate control of the corporation was vested in a majority shareholder). The Court therefore finds that plaintiff Janice Luce was a responsible person as a matter of law.

■ Plaintiff argues that she performed these corporate functions only at the direction of her husband, David Luce, Sr., and that this demonstrates that she is only responsible for half of the tax penalty, or

that she was not a responsible person within the meaning of the statute. While it might be true that the IRS did not assess David Luce, Sr. with any portion of the deficit, this does relieve plaintiff's potential liability. More than one person may be a responsible person under the statute. *See Gephart,* 818 F.2d at 473. A larger business might have numerous owners or employees who fall within the definition of a responsible person. As a result, the IRS is not obligated to pursue every person with a responsibility for paying the business' taxes. *See Howard,* 711 F.2d at 735.

Generally, a responsible person under the statute can seek contribution from any other person who would be liable for the unpaid tax. 26 U.S.C. § 6672(d).[3] The Court recognizes the difficulty that plaintiff will have in seeking contribution from her former husband who passed away over ten years ago. While it is regrettable that plaintiff's ability to seek contribution is burdened by the death of her former husband, a determination of the machinations of whether and how plaintiff will obtain contribution does not enter into the Court's judgment.

Plaintiff has also argued that she was not a responsible person, and thus not liable for any of the penalty, because she merely carried out the business decisions of her husband. This contention is equally unconvincing. Several courts have considered whether a responsible person who is acting under orders from his supervisor not to pay withholding taxes is released from liability under § 6672. These courts have consistently refused to limit liability. *See Gephart,* 818 F.2d at 475 (responsible person who follows directions acts at his own peril); *Howard,* 711 F.2d at 729 (even threat of being fired for paying the taxes

---

**3.** Prior to enactment of § 6672(d), there was no federal right of contribution under § 6672. There was also no right of contribution under Ohio law. Ohio Revised Code § 2307.31 provides for contributions among joint tortfeasors where "two or more persons are jointly and severally liable in tort for the same injury

or loss to person or property." However, subsection (E) specifically provides that O.R.C. § 2307.31 does not apply to breaches of trust or fiduciary duty, thus eliminating a right of contribution under state law for nonpayment of trust fund withholding taxes.

does not absolve responsible person from liability). Any power that David Luce, Sr. possessed as Chief Financial Officer of Grandma Jan's was conferred upon him by plaintiff acting as President of the corporation. Her argument that she was compelled by her husband to withhold payment of the taxes is not an excuse recognized by law.

The Court recognizes the unique situation that exists between family members, particularly spouses, who pool their efforts to operate a business. There is always the fear that one family member will be slow to overrule the other or offer an countervailing opinion in order to preserve family harmony. In this case, plaintiff states that she could not ignore the directives of her husband in the business decisions that he made. Plaintiff writes: "David Luce decided who got paid and who didn't. [citation omitted]. That the [sic] decision was not to be questioned by Jan, or by anybody. David Luce's word was final." (Doc. 22; p. 2). Yet, this sort of reasoning would subvert the liberal purpose of the statute by allowing responsible parties to escape liability under § 6672 in family business situation. The evidence is undisputed that plaintiff, rather than her husband, had the legal power and authority to operate Grandma Jan's. As such, plaintiff's argument is unpersuasive and the Court finds that she is a responsible party as a matter of law.

### 2. Willful Refusal to Pay the Tax

For a responsible person to be liable under § 6672, she must willfully fail to collect, account for, and pay over withheld taxes. Willfulness is established for purposes of § 6672 if the responsible party acts voluntarily, knowingly, and intentionally or with reckless disregard of facts and known risks that the taxes were not being paid. *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986). No intent to defraud the United States need be proven, and no bad or evil motive need be present for a finding of willfulness. *See id.* Rather, all that need be proven is an intentional act, such as "choosing to pay other credi-

tors rather than make tax payments." *Collins v. United States*, 848 F.2d 740, 742 (6th Cir.1988)(per curiam).

Willfulness is often a question of fact. *See Honey v. United States*, 963 F.2d 1083, 1087 (8th Cir.1992). However, proof that a responsible person had knowledge of payments to other creditors, including employees, after he was aware of the failure to pay over withholding taxes is proof of willfulness as a matter of law. *See id.* The evidence is undisputed that plaintiff paid other creditors of Grandma Jan's, including employee wages, with knowledge that the business' employment taxes were going unpaid. Plaintiff submits that she became aware that the withholding taxes were not being paid when they became due (Doc. 19, Exh. 2, Line 23). This is in line with her testimony that she and David Luce, Sr. would decide together which business obligations were to be paid (Janice Luce Depo., pp. 17–18). Plaintiff admitted that she allowed other creditors to be paid while tax liabilities were accruing (Doc. 19, Exh. 2, Line 26; Janice Luce Depo., pp. 26–26).

Plaintiff contends that she had reasonable cause to not pay the withholding taxes. Reasonable cause is a defense that negates willfulness if the responsible person can demonstrate that she exercised ordinary business care and prudence in providing for payment of the taxes but nevertheless was either unable to pay or would have suffered an undue hardship if it had paid on the due date. The reasonable cause defense has been adopted by other circuits, but has been rejected by the Sixth Circuit. *See Brewery, Inc. v. United States*, 33 F.3d 589, 593 (6th Cir.1994). It concluded that financial difficulties or the need to pay other suppliers can never constitute reasonable cause to excuse the penalties for nonpayment of withholding taxes by an employer. *See id.* Plaintiff's reasonable cause defense is therefore not well-taken.

The Court finds therefore that plaintiff acted willfully as a matter of law in failing to pay withholding taxes. As a result, plaintiff is liable to defendant United States for Grandma Jan's unpaid withholding taxes under § 6672 as a matter of law.

## B. Certification of Penalty or Damages

The IRS asserts that Plaintiff Jan Luce did not pay withholding taxes for any quarter of 1987 (Doc. 19, p. 4). It presents a "Certificate of Assessments and Payments" stating that the amount of unpaid withholding taxes is $28,554.75 as assessed on September 4, 1989, and that with interest, the amount due is $64,378.59 as of October 19, 1998. The Forms 941 as presented in Exhibits 5–8 of the government's memorandum indicate that plaintiff did pay withholding taxes for the first and second quarters of 1987. Plaintiff Jan Luce in her memorandum, however, has not attempted to challenge the accuracy of the amount certified assessed amount. The certified copies of the assessments that the IRS has presented (Doc. 19, Exh. 20) are presumed to be correct. *See Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935). The Court will therefore not undertake to ascertain the amount of interest accrued since October 19, 1998.

The Court gives the parties 60 days from the date of entry of judgment in this matter to file with the Court an agreed order on the matter of damages on the tax deficiency or to file a notice of dismissal. In the alternative, the Court sets this matter for trial on the issue of damages for **Monday, January 22, 2000 at 9:30am.**

## C. Plaintiff's Action to Quiet Title on the Linnville Road Property

■ Plaintiff filed an action seeking to quiet title in herself to property that she and her former husband co-owned from 1981 through their dissolution in 1995. The Court applies state law in determining whether plaintiff can assert an action to quiet title. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Ohio Revised Code § 5303.01, in pertinent part, reads:

> Action to Quiet Title. An action may be brought by a person in possession of real property, by himself, or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may also be brought by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property . . . .

Plaintiff must therefore assert that she is in possession or that she has a remainder or reversionary interest in the Linnville Road property. She does neither. Plaintiff agreed to convey her interest in the property to her husband through a separation agreement (Doc. 22, Exh. B, p. 2). Plaintiff admits that she released all interest in the Linnville Road property to her husband pursuant to the Separation Agreement (Doc. 22, p. 12). Where one spouse conveys the homestead to the other spouse with the clear intent to divest himself of the property, he cannot not maintain a bill to quiet title. *See Davis v. Davis*, 1 Ohio Misc. 90 (Montgomery Cty. 1872). Plaintiff therefore cannot bring an action to quiet title to the Linnville Road property. Her action is accordingly dismissed.[4]

## IV. CONCLUSION

Based on the foregoing, defendant United States' motion for summary judgment is hereby **GRANTED** as to plaintiff's liability under 26 U.S.C. § 6672. The Court reserves final judgment on the issue of damages pending the parties agreed order or notice of dismissal. Plaintiff's motion for summary judgment is hereby **DENIED.**

---

**4.** The Court notes that Defendants Daniel Luce and David Luce, Jr. were the proper parties to bring an action to quiet title as they were in possession or claimed an ownership interest in the property at the filing of this action.

The Court hereby orders the parties to submit an agreed final judgment entry within 60 days from the date of entry of this judgment on the issue of damages on the tax deficiency or to file a notice of dismissal. Alternative, the Court sets this matter for trial on the issue of damages for **Monday, January 22, 2000 at 9:30am.**