251 F.3d 862 (9th. Cir. 2001)
 VAN CAMP & BENNION, A PROFESSIONAL SERVICE CORPORATION, PLAINTIFF-APPELLANT,
v.
UNITED STATES OF AMERICA; PAUL BEENE, DISTRICT DIRECTOR OF INTERNAL REVENUE, WASHINGTON DISTRICT, DEFENDANTS-APPELLEES.
 No. 96-36068
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted September 13, 2000--Seattle, Washington
Filed June 6, 2001
 
 [Copyrighted Material Omitted]
 Robert E. Kovacevich, Spokane, Washington, for the plaintiff-appellant.
 David I. Pincus and Annette M. Wietecha, Attorneys, Tax Division, United States Department of Justice, Washington, D.C., for the defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington Cynthia Imbrogno, Magistrate Judge, Presiding. D.C. No. CV-94-00409-CI
 Before: Mary M. Schroeder, Chief Judge, Robert R. Beezer, and Michael Daly Hawkins, Circuit Judges.
 
 
 1
 The opinion of the court was delivered by: Beezer, Circuit Judge
 
 OPINION
 
 2
 Van Camp & Bennion, P.S. ("the corporation") claimed a refund of taxes and penalties paid following an Internal Revenue Service ("IRS") audit. The district court held that the corporation was entitled to a refund in part and remained liable for specific employment taxes and penalties.[1] The corporation appeals. We affirm in part, reverse in part and remand.
 
 I.
 
 3
 In 1985, Walter R. Van Camp and Irving R. Bennion, attorneys, became shareholders of the appellant professional services corporation. Van Camp owned 60% of the stock and Bennion owned 40%. The corporation's president was Van Camp; Bennion was the vice-president and secretary-treasurer.
 
 
 4
 Van Camp specialized in personal injury law and professionally attracted clients seeking legal services. The corporation did not provide retirement benefits or malpractice insurance for Van Camp. Salary payments were irregular because corporate income was primarily derived from contingency fee agreements. Van Camp's personal expenses were often paid by the corporation and later charged against his salary.
 
 
 5
 The corporation's tax returns were prepared by an accountant who had full access to the corporation's books and records. The accountant worked closely with the corporation's bookkeeper. Van Camp's and Bennion's involvement with the returns was limited to signing the tax returns prepared by the accountant.
 
 
 6
 Van Camp did not receive compensation for performing his duties as a corporate official. These duties, such as attending the required annual meeting, took only one to two hours per year. Van Camp's other duties included hiring and firing employees on the advice of others and making all major corporate decisions.
 
 
 7
 In tax years 1990, 1991 and 1992, the corporation failed to pay employment taxes required by the Federal Insurance Contributions Act ("FICA"), I.R.C. §§ 3111, and Federal Unemployment Tax Act ("FUTA"), I.R.C. §§ 3301, for Van Camp and Bennion. The corporation asserted that Van Camp and Bennion properly should be classified as independent contractors. Upon audit, the IRS determined that employment taxes were due because Van Camp and Bennion should be classified as employees.
 
 II.
 
 8
 Internal Revenue Code §§ 3121(d)(1) states that "the term `employee' means . . . any officer of a corporation." The court considered whether an exception to section 3121(d)(1) applied. See Treas. Reg. §§ 31.3121(d)-1(b) (exception when an officer "performs only minor services"). The court found that Bennion was an independent contractor because he had very little involvement in corporate management and that Van Camp was an employee of the corporation because he had authority over the corporation's fundamental decisions and his management services were not minor. The district court held that neither Van Camp nor Bennion were common law employees under I.R.C. §§ 3121(d)(2).
 
 
 9
 The court concluded that the penalties assessed for the corporation's failure to pay employment taxes for 1989 and 1991 quarterly periods were proper. See I.R.C.§§§§ 6651 (failure to file return or pay tax), 6656 (failure to deposit tax), 6662 (negligent underpayment of tax). The district court held that a taxpayer's personal problems, financial difficulties and reliance on an accountant cannot be considered "reasonable cause" for failing to make tax payments. See Treas. Reg. §§ 301.6651-1(c)(1). The district court also found that the corporation's legal position was not "reasonably debatable" and that the payment of taxes would not impose an "undue hardship."
 
 
 10
 The judgment required the parties to calculate the proper amount of taxes and penalties. On September 11, 1996, the district court denied the corporation's motion for amendment of judgment, new trial and admission of new evidence.
 
 
 11
 The corporation appeals the conclusions that Van Camp is an employee and asks us to set aside the assessment of penalties.
 
 III.
 
 12
 We review for clear error the question whether independent contractor status as opposed to employee status was correctly determined. Chin v. United States, 57 F.3d 722, 725 (9th Cir. 1995).
 
 
 13
 An employer is required to pay both social security and unemployment taxes on wages paid to employees. See I.R.C. §§§§ 3301 (FUTA), 3311 (FICA). "Wages" are defined as "all remuneration for employment." Id. §§§§ 3121(a), 3306(b); see also id. §§ 3121(b) (defining "employment" as "any service . . . performed . . . by an employee"). Under section 3121(d)(1), "the term `employee' means . . . any officer of a corporation."
 
 
 14
 The corporation argues that Van Camp falls under an exception to this classification: "[A]n officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive, directly or indirectly, any remuneration is considered not to be an employee of the corporation." Treas. Reg. §§ 31.3121(d)-1(b).
 
 
 15
 Because Van Camp performed only de minimis services as an officer, the corporation asserts that section 31.3121(d)-1(b) applies under the "dual capacity" doctrine, which treats a corporate officer as an employee only if the officer provides substantial services in his capacity as an officer. See Idaho Ambucare Ctr., Inc. v. United States, 57 F.3d 752, 756-57 (9th Cir. 1995) (describing "dual capacity" with approval, although not holding that it provides the correct interpretation of section 31.3121(d)-1(b)). This interpretation arises from the language of section 31.3121(d)-1(b): "[A]n officer . . who as such . . . performs only minor services" is not an employee. (Emphasis added). The government does not challenge the application of the "dual capacity" doctrine.
 
 
 16
 We next address whether Van Camp's services in his capacity as a corporate officer were de minimis. The district court found that Van Camp "performed more than minor services." In particular, "Van Camp made all management decisions, including the hiring and firing of employees, the securing of bank loans, approval of bills, and signing of all corporate checks."
 
 
 17
 The corporation has not shown clear error in the district court's finding that Van Camp exercised sole authority to make major corporate decisions. This finding supports the conclusion that Van Camp was an employee because"fundamental decisions regarding the operation of the corporation . . . are customarily made by corporate officers or other employees." Idaho Ambucare, 57 F.3d at 756 (quoting Rev. Rul. 82-83, 1982-1 C.B. 151, 152) (alteration in original).
 
 IV.
 
 18
 The corporation next argues that the district court erroneously refused to abrogate the penalties for the corporation's failure to deposit and pay employment taxes during the 1989 and 1991 tax years.
 
 
 19
 The penalties at issue arise under I.R.C. §§§§ 6651 (assessing up to 25% penalty for failure to pay tax) and 6656(a) (assessing up to 10% of underpayment for failure to make deposit). "Under I.R.C. §§§§ 6651(a) and 6656(a), a taxpayer failing to timely file, pay, and deposit employment taxes shall be assessed a penalty, `unless it is shown that such failure[s] [are] due to reasonable cause and not due to willful neglect.' " Conklin Bros. of Santa Rosa, Inc. v. United States, 986 F.2d 315, 317 (9th Cir. 1993) (citation omitted and emphasis in original). To establish "reasonable cause," the taxpayer must show that he exercised "ordinary business care and prudence in providing for payment of his tax liability." See Treas. Reg. §§ 301.6651-1(c)(1).
 
 
 20
 If the underpayment results from negligence or intentional disregard of rules or regulations, an additional penalty of up to 10% of the underpayment is imposed under section 6662. "[T]he term `negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term `disregard' includes any careless, reckless, or intentional disregard." I.R.C. §§ 6662(c). Similar to the "reasonable cause" defense for sections 6651 and 6656, a taxpayer is negligent if it "fail[s] to make a reasonable attempt to comply" with the tax laws, fails "to exercise ordinary or reasonable care in the preparation of a tax return," or its argument "lacks a reasonable basis." Treas. Reg. §§ 1.6662-3(b)(1). The IRS's "determination of negligence is presumed to be correct." Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir. 1991).[2]
 
 
 21
 The corporation argues that no penalties are warranted because of Van Camp's personal problems, the corporation's financial difficulties, reliance on the corporate accountant and the complex nature of the tax law. "Whether the elements that constitute `reasonable cause' are present in a given situation is a question of fact, but what elements must be present to constitute `reasonable cause' is a question of law." United States v. Boyle, 469 U.S. 241, 249 n.8 (1985) (emphasis in original).
 
 A.
 
 22
 The corporation asserts that Van Camp's personal problems established reasonable cause for the corporation's failure to withhold taxes. The district court held that personal difficulties can never be a factor in a taxpayer's attempt to show reasonable cause.
 
 
 23
 It is clear that a taxpayer's serious illness can constitute reasonable cause under section 301.6651-1(c)(1). See Boyle, 469 U.S. at 243-44 n.1 ("The [IRS] has articulated eight reasons for a late filing that it considers to constitute `reasonable cause.' These reasons include . . . the death or serious illness of the taxpayer or a member of his immediate family . . . .") (citation omitted)). Indeed, the district court noted that the IRS had established eight per se circumstances that show reasonable cause, yet the court concluded without discussion that none are applicable. This determination conflicts with the district court's finding that Van Camp provided credible testimony about his serious personal problems, including hospitalizations for cancer and depression. The court dismissed this finding because "financial inability does not constitute reasonable cause for failure to pay employment taxes." The failure to examine whether Van Camp's illness was serious enough to establish reasonable cause was clearly erroneous.
 
 B.
 
 24
 We turn to the issue whether the corporation's financial problems constituted reasonable cause to excuse the underpayment. The district court, following the Sixth Circuit's opinion in Brewery, Inc. v. United States, 33 F.3d 589 (6th Cir. 1994), held that financial problems do not constitute reasonable cause. Brewery's reasoning is not persuasive here.
 
 
 25
 In Brewery, the taxpayer withheld federal employment taxes from its employees, but did not pay those taxes to the IRS. See id. at 591. The Sixth Circuit held that these taxes are not in the employer's control because they are held in trust for the government; therefore, "financial difficulties can never constitute reasonable cause to excuse the penalties for nonpayment of withholding taxes by an employer." Id. at 592 (citation omitted).
 
 
 26
 The consideration of financial difficulties is a question of first impression for us. The Second and Third Circuits are the only other circuit courts that have addressed this issue, and they both reject the Brewery rule:
 
 
 27
 [T]he application of such a bright line rule when a tax payment is delayed due to financial difficulties is inconsistent with Congress' creation of a "reasonable cause" exception, as well as the Treasury Regulations which set forth the factual circumstances that must be alleged to establish reasonable cause. . . . Moreover, Treas. Reg. §§ 301.6651-1(c)(1) specifically directs the courts to examine "all the facts and circumstances of the taxpayer's financial situation."
 
 
 28
 East Wind Indus., Inc. v. United States, 196 F.3d 499, 507 (3d Cir. 1999); see also Fran Corp. v. United States , 164 F.3d 814, 818 (2d Cir. 1999).
 
 
 29
 Treasury regulations also require that the IRS consider whether a taxpayer would suffer "undue hardship " from the payment of taxes. See Treas. Reg. §§ 1.6161-1(b) ("Undue hardship required for extension. An extension of the time for payment shall be granted only upon a satisfactory showing that payment on the due date of the amount with respect to which the extension is desired will result in an undue hardship.") "These regulations clearly require a factual assessment of the taxpayer's financial situation to determine whether it has exercised ordinary business care and prudence in responding to competing financial obligations." Fran , 163 F.3d at 819.
 
 
 30
 We join the Second and Third Circuits in holding that financial difficulties may constitute reasonable cause to abate penalties for nonpayment of tax. We find the analysis of Fran and East Wind more persuasive than that of Brewery because "[t]o hold otherwise would effectively read out of the statute the `reasonable cause' exception to mandatory penalties in many employment tax cases." Fran, 163 F.3d at 819.
 
 
 31
 The need to reject Brewery's bright line rule is illustrated by the facts in this case. The district court found that the personal and business difficulties facing Van Camp and the corporation "created a great financial strain on Plaintiff corporation to the extent that there was some question whether the corporation would survive." If the potential ruin of a corporation is not relevant, then the reasonable cause exception is virtually meaningless. The district court erred in refusing, as a matter of law, to consider financial difficulties in assessing whether the corporation had reasonable cause in failing to pay its FICA and FUTA taxes. We hold that a corporation's financial difficulties can be a factor in deciding whether to abate penalties and remand to the district court to consider whether Van Camp's financial problems established reasonable cause.
 
 C.
 
 32
 The corporation contends that it reasonably relied on its accountant's advice. The district court, citing Conklin, concluded that such reliance does not establish reasonable cause for the failure to pay taxes. Conklin says that a corporation's "reliance on an agent to file a timely return when the due date of return was ascertainable by the taxpayer does not constitute reasonable cause." 986 F.2d at 317 (emphasis added and citation omitted). Indeed, Conklin cited the Supreme Court's statement that a "taxpayer's `reliance on the opinion of a tax advisor may constitute reasonable cause.' " Id. at 318 n.4 (emphasis added) (quoting Boyle, 469 U.S. at 250).
 
 
 33
 In Henry v. Comm'r., 170 F.3d 1217, 1220-21 (9th Cir. 1999) (discussing negligence penalty under I.R.C.§§ 6653 (1988) (replaced in 1989 by section 6662)), we held that reliance on an accountant could establish reasonable cause. "When an accountant . . . advises a taxpayer on a matter of tax law, such as whether liability exists, it is reasonable for the taxpayer to rely on that advice." Boyle , 469 U.S. at 251 (discussing section 6651) (emphasis in original).
 
 
 34
 The district court found that"the facts here . . . involve mere reliance on an accountant." At issue is whether the corporation merely relied on the advice of an accountant, or whether it delegated the duty to pay taxes to an agent. There is evidence that the accountant acted as the corporation's agent and that the corporation provided little or no oversight. The record fails to disclose whether the corporation's reliance on its accountant was reasonable cause for the failure to pay taxes. The district court should consider this justification as well on remand.
 
 D.
 
 35
 Finally, we turn to the issue of the negligence penalty. Where a case is one "of first impression with no clear authority to guide the decision makers as to the major and complex issues," a negligence penalty is inappropriate. Foster v. Comm'r., 756 F.2d 1430, 1439 (9th Cir. 1985). The corporation argues that its argument on Van Camp's status as an independent contractor was reasonably debatable.
 
 
 36
 Although the corporation's position had merit, the"reasonable basis standard is not satisfied by a return position that is merely arguable or that is merely a colorable claim. " Treas. Reg. §§ 1.6662-3(b)(3) (as amended in 1998). The legal standards to determine whether an officer is an employee were clear; the only question was whether Van Camp met the standard. The corporation's argument to the contrary does not implicate an unsettled legal issue or a question of first impression. See Foster, 756 F.2d at 1439. We hold that the corporation did not have a reasonably debatable position that justifies abatement of tax penalties.
 
 V.
 
 37
 We AFFIRM in part, REVERSE in part and REMAND for further proceedings consistent with this opinion. Each party shall bear their own costs on appeal.
 
 
 
 Notes:
 
 
 [1]
 The parties' written stipulation filed in the district court provides that the trial of this case and entry of judgment could be entered by the magistrate judge.
 
 
 [2]
 The government has not made any allegations that Van Camp intentionally disregarded tax rules or regulations.