**C. BUNDY, JR., INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 86–C–604.

United States District Court, E.D. Wisconsin.

Aug. 19, 1987.

George W. Love, Waukesha, Wis., for plaintiff.

Patricia J. Gorence, U.S. Atty. by Mary E. Bielefeld, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

Presently before this court is a motion for summary judgment against the plaintiff, C. Bundy, Jr., Inc. The plaintiff seeks to recover the amount of $25,011.21 paid to the Internal Revenue Service as penalties for the overstatement of tax deposits on the "Employer's Quarterly Federal Tax Return" ("941 forms"). This court's jurisdiction arises under 28 U.S.C. § 1346. The defendant United States of America ("United States") has moved for summary judgment against the plaintiff on the ground that there are no material facts in dispute, and the United States is entitled to judgment as a matter of law. The plaintiff opposes the motion arguing that material facts are disputed. This court will grant the United States' motion because there is no genuine issue of material fact, and the United States is entitled to judgment as a matter of law.

The relevant facts are not disputed. The plaintiff is a Wisconsin corporation doing business as a commercial masonry contractor. The plaintiff is a closely-held corporation, and all of the stock is owned by Clarence Bundy, Jr., and his wife, Dorothea Bundy. Deposition of Clarence Bundy, p. 4–8.

The plaintiff filed 941 forms to the Internal Revenue Service for the tax periods ending September 30, 1983, December 31, 1983, and March 31, 1984, and the forms indicated that the plaintiff's federal tax deposits had been made. Deposition of Clarence Bundy, Exhibits 4, 6, and 8. The plaintiff's secretary, Patricia Mitchell, prepared the federal tax deposit slips and the 941 Forms. Dorothea Bundy is responsible for signing the check to be deposited and for depositing the money and mailing the forms. Dorothea Bundy did not make the deposits for the quarters in question and admitted that she signed and sent the 941 forms knowing that the deposits had not been made. Mrs. Bundy knew that the IRS would impose a penalty for this overstatement, but believed it would only be five percent. Deposition of Dorothea Bundy, pp. 9–11, 16–21. In 1983, the plaintiff was "cash poor," (Deposition of Clarence Bundy, p. 16) and Mrs. Bundy stated that the deposits were not made because the plaintiff did not have the resources at the time. Deposition of Dorothea Bundy, p. 16.

The Internal Revenue Service assessed a penalty against the plaintiff, pursuant to Section 6656(b), Title 26, U.S.C., as follows: $6,386.31 for the period ending September 30, 1983, $8,038.26 for the period ending December 31, 1983, and $10,585.64 for the period ending March 31, 1984. The plaintiff filed claims against the Internal Revenue Service contesting the assessment, and the claims were denied. Deposition of Clarence Bundy, Exhibits 3, 5, and 7.

Both parties agree that the issue presented to this court is whether the plaintiff's overstatement of employment tax deposits on Federal employment tax returns was due to reasonable cause and not due to willful neglect. The United States argues that the intentional filing of the 941 forms by Dorothea Bundy with knowledge that the tax deposits had not been made and in anticipation that a five percent penalty would be assessed constitutes willful neglect. The United States further argues that Mrs. Bundy's ignorance of the size of the penalty and the lack of sufficient funds to make the deposit do not constitute reasonable cause for overstating the employ-

ment tax deposits. The plaintiff argues that material facts in the record are disputed, but fails to dispute the facts submitted by the United States. The plaintiff also argues that the overstatement was due to reasonable cause, and that even if it was due to willful neglect, the penalty imposed was inequitable.

In *United States v. Boyle*, 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985), the Court discussed the standard of "due to reasonable cause and not due to willful neglect" as it applied to a code provision which contains language identical to § 6656(b), Title 26, U.S.C.; the provision at issue in this case. The Court said that "willful neglect may be read as meaning a conscious, intentional failure or reckless indifference," (citations omitted) and that the term reasonable cause "calls on the taxpayer to demonstrate that he exercised 'ordinary business care and prudence'...." *Id.* at 245–246, 105 S.Ct. at 689.

The testimony of Dorothea Bundy shows that she intentionally filed the 941 forms with knowledge that the tax deposits had not been made, but that she expected only a five percent penalty rather than the 25 percent penalty assessed. This behavior constitutes willful neglect. The only explanations Mrs. Bundy gave for the deposit overstatements was an ignorance of the size of the penalty and a lack of resources to make the deposits. Neither of these reasons constitute reasonable cause. See *Sitnick v. United States*, 244 F.Supp. 656, 663 (D.Md.1965) (ignorance of the law not reasonable cause), *Wolfe v. United States*, 612 F.Supp. 605, 608 (D.Mont.1985), *aff'd on other grounds*, 798 F.2d 1241 (9th Cir. 1986) (lack of sufficient funds not reasonable cause). Having found that Mrs. Bundy's behavior constituted willful neglect, the United States is entitled to summary judgment.

The plaintiff has asked that if the court decides to grant the United States' motion for summary judgment, the court disallow two of the three penalties assessed because assessing penalties on all three returns, filed closely together, is inequitable and, the plaintiff asserts, the taxpayer lacked

deceitful intent. Section 6656(b) expressly provides that the assessed penalty be imposed except where the overstatements are due to reasonable cause and not due to willful neglect. This court will not usurp the clear intent of Congress.

IT IS THEREFORE ORDERED that the defendant United States' motion for summary judgment is granted.