Francis A. COLLINS, Plaintiff–Appellee (87–5580), Plaintiff–Appellant (87–5581),

v.

UNITED STATES of America, Defendant–Appellant (87–5580), Defendant–Appellee (87–5581).

Nos. 87–5580, 87–5581.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 19, 1988.

Decided June 8, 1988.

Paul M. Predmore, Trial Atty., Tax Div., U.S. Dept. of Justice, Michael L. Paup, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., Roger M. Olsen, Michael C. Durney, Richard Farber, Nancy Morgan (argued), James C. Thomason, III, Asst. U.S. Atty., Nashville, Tenn., for defendant-appellant, defendant-appellee.

Dennis W. Powers (argued), McClellan, Powers and Ehmling, Gallatin, Tenn., for plaintiff-appellee, plaintiff-appellant.

Before NELSON and NORRIS, Circuit Judges, MARKEY, Chief Circuit Judge.*

PER CURIAM.

The government appeals from an order of the district court denying its motion for judgment notwithstanding the verdict, after a jury had rendered its verdict in favor of the taxpayer, Francis A. Collins, in his suit contesting the assessment against him of approximately $18,000 for unpaid taxes withheld from the earnings of employees of Stinger Boats, Inc. The Internal Revenue

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

Service had determined that Collins was the responsible person in the corporate structure who had willfully failed to pay the taxes over to the government. Collins paid a portion of the assessment and then filed this lawsuit for a refund; the government counterclaimed for the balance of the assessment.

Collins is a certified public accountant, and was a shareholder of Stinger Boats. In 1980, at the request of the corporation's majority shareholder, H.L. Polk, Collins undertook a review of the financial posture of the company.

He discovered that as of March 31, 1980, the liabilities of Stinger Boats exceeded its assets by approximately $600,000. He discussed the corporation's financial predicament with Polk, who, in an effort to turn the company around, asked Collins to leave his employment and manage the company. Polk agreed to loan the company necessary working capital.

In May 1980, Collins joined the corporation as its president, and remained in that capacity until operations ceased in October 1980. During that period, the company received approximately $220,000 in loans from Polk and realized as much as $80,000 a month from the sale of boats.

In October 1980, Collins went to Louisiana to discuss with Polk the continuing financial problems of the company. Polk agreed to send still more working capital, and a few days later forwarded his check for $45,000. Collins decided to earmark $22,000 of that check for payment of past due payroll taxes, and notified Polk of his intention. When Polk stopped payment on the check, Collins closed the business.

During the time he managed the corporation, Collins paid withheld taxes to the government until July, when the corporation was $500 short in its payment, and he failed to pay over any withheld taxes during August and September. However, during that same time he paid for utilities, supplies, and rent. Employees were paid their wages each week through October 24. Withheld taxes aggregating $18,083.04 for the third and fourth quarters of 1980 were not paid over to the government.

The Internal Revenue Service assessed that amount against Collins, pursuant to 26 U.S.C. § 6672.

At trial, Collins contended that he had not willfully failed to pay over the taxes, since he had relied upon the promise of the company's majority stockholder that he would supply all necessary working capital, and that promise was not kept. He pointed out that he had fully intended to use a portion of the $45,000 check sent by Polk to pay taxes, but that he was precluded from doing so because Polk stopped payment on the check. Collins admitted he knew of his obligation to pay over the withheld taxes, and that in spite of that knowledge he failed to do so. He further conceded that at the time he paid company expenses and wages he was aware that payment of the withheld taxes was overdue.

The district court summarily overruled the government's motions for directed verdict, made at the close of Collins' case, and at the conclusion of all the evidence.

The jury returned a verdict on special interrogatories, finding that Collins was a responsible person, but that he was not willful in failing to pay over the taxes withheld. The government's motion for judgment notwithstanding the verdict was overruled by the district court, without comment.

■ Under 26 U.S.C. § 6672(a), a person is personally liable for unpaid taxes withheld from the earnings of employees if he is an officer or an employee of a corporation who is under a duty to collect and pay over the taxes to the government, and willfully fails to do so. Taxes withheld from the wages of an employee are held by the employer in trust for the government. 26 U.S.C. § 7501(a). These trust fund taxes are for the exclusive use of the government and cannot be used to pay business expenses of the employer, including salaries. *Gephart v. United States*, 818 F.2d 469, 472 (6th Cir.1987). It is no excuse that, as a matter of sound business judgment, the money was paid to suppliers and for wages in order to keep the corporation operating as a going concern—the govern-

ment cannot be made an unwilling partner in a floundering business. See *Thibodeau v. United States,* 828 F.2d 1499, 1506 (11th Cir.1987).

 The clear intent of Congress, as expressed in 26 U.S.C. § 6672(a), was that the person responsible for paying these trust fund taxes over to the government should be personally liable for their diversion. *Spivak v. United States,* 370 F.2d 612, 615 (2d Cir.), *cert. denied,* 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967). The assessment, although collectible in the same manner as other taxes, is expressed as a "penalty" against the responsible person for his failure to carry out the duties imposed upon him by the statute. *See* 26 U.S.C. § 6672(a). Despite its denomination as a "penalty" assessment, the statutory liability imposed by 26 U.S.C. § 6672(a) is civil in nature. *Gephart,* 818 F.2d at 473. When a person who pays part of a penalty assessed against him under 26 U.S.C. § 6672(a) for failure to pay over withheld taxes, files suit for refund of the portion paid, and the government counterclaims for the balance of the assessment, the person has the burden of showing that the assessment is inaccurate or erroneous. This is because he has placed at issue an assessment which is presumed correct. *See Avco Delta Corp. v. United States,* 540 F.2d 258, 262 (7th Cir.1976), *cert. denied sub nom. Canadian Parkhill Pipe Stringing Ltd.,* 429 U.S. 1040, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). His burden includes proving, by a preponderance of the evidence, that he was not a responsible person who willfully failed to pay over the withheld taxes. *Calderone v. United States,* 799 F.2d 254, 258 (6th Cir.1986); *Sinder v. United States,* 655 F.2d 729, 731 (6th Cir.1981).

Under the evidence at trial it was undisputed that Collins was the person responsible for paying over the withheld taxes. The issue on appeal, then, concerns the sufficiency of the evidence offered by Collins to prove that his failure to pay over the withheld taxes was not willful.

Judgment notwithstanding the verdict may not be granted unless reasonable minds could not differ as to the conclusions to be drawn from the evidence. Accordingly, the issue raised by a motion for JNOV is whether there was sufficient evidence to raise a question of fact for the jury. Because the determination is one of law, the trial court may not weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury. Rather, the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor. An appellate court, when reviewing the trial court's decision, is bound by the same standard. *Toth v. Yoder Co.,* 749 F.2d 1190, 1194 (6th Cir.1984).

 A responsible person who makes a deliberate choice to voluntarily, consciously, and intentionally pay other creditors rather than make tax payments, is liable for willful failure. *See Godfrey v. United States,* 748 F.2d 1568, 1577 (Fed. Cir.1984); *Calderone,* 799 F.2d at 260. Collins' testimony was clear—he voluntarily, consciously, and intentionally paid other creditors rather than paying over the withheld taxes. Willfulness was established by uncontroverted proof that he had the corporation pay wages and suppliers, at a time when he knew that the corporation was indebted for the taxes and that money withheld for those taxes was being diverted to pay those other business expenses. Undoubtedly, Collins presented a sympathetic figure at trial. But because the withheld taxes were trust funds, his reliance upon Polk's promise to cover the taxes makes his conduct no less willful, within the contemplation of the statute. *See, e.g., Bowen v. United States,* 836 F.2d 965, 967–68 (5th Cir.1988). For that same reason, Collins' cause is not aided by the argument that he feared he might risk state prosecution if he did not pay wages, since federal tax trust funds are not available to pay wages.

Since under the uncontroverted evidence reasonable minds could conclude only that Collins' failure to pay over the withheld taxes was willful, the government was entitled to a directed verdict, and the district court erred in denying the government's

motion for judgment notwithstanding the verdict.

The judgment of the district court is reversed, and this cause is remanded with instructions to enter judgment for the government, notwithstanding the jury's verdict. In view of our disposition of the government's appeal, we need not reach Collins' appeal from the district court's denial of his request for attorney fees and costs.