SIGN OF THE SURF, INC. *vs*. COMMISSIONER OF REVENUE.

No. 97-P-1526.

Suffolk. December 4, 1998. - September 29, 1999.

Present: ARMSTRONG, KAPLAN, & GILLERMAN, JJ.

*Taxation,* Abatement, Interest and penalties.

The Appellate Tax Board correctly declined a request to abate penalties assessed on a corporation's meals tax delinquencies, where the financial difficulties of the corporation's owner and principal did not constitute "reasonable cause" for abatement. [831-832]

APPEAL from a decision of the Appellate Tax Board.

*Timothy J. Burke* for the plaintiff.

*Juliana deHaan Rice,* Assistant Attorney General, for the defendant.

ARMSTRONG, J. The plaintiff, which operates a restaurant in Chatham called the Impudent Oyster, failed to file meals tax returns on time or make payments in sixteen quarters in the years 1988-1992, thereby violating G. L. c. 64H, § 2, and G. L. c. 62C, § 16(*h*). In May, 1993, the restaurant paid in full all back taxes and penalties; it is contesting only the decision of the Commissioner of Revenue (commissioner), affirmed by the Appellate Tax Board (board), not to abate penalties that were assessed for the various delinquencies. The commissioner is empowered to grant an abatement of penalties if the delinquencies are "due to reasonable cause and not due to willful neglect." General Laws c. 62C, § 33(*f*), as inserted by St. 1980, c. 27, § 4. To like effect, see G. L. c. 62C, § 45A.

The restaurant's delinquencies had their origin in the marital difficulties of its owner and principal, Peter Barnard, who was sued for divorce in April, 1989, and was the subject of a series of payment orders and contempt findings (one of which ordered incarceration) from that time until June, 1993, when a new judge allowed his motion for relief from judgment. Barnard

argued for abatement of penalties on the ground that the orders of the original judge were so excessive in relation to his ability to pay that he faced an impossible dilemma: whether to resign himself to incarceration, thus guaranteeing the collapse of the restaurant for want of supervision, or invade the restaurant's proceeds to stave off the Probate Court.

The commissioner and the board did not err in rejecting the argument. Whether or not the board was correct in analogizing the case to Federal cases employing a trust fund analysis,[1] it is apparent as a matter of common sense that the personal financial problems of a corporate officer cannot be treated legally as reasonable cause for invading corporate assets needed to pay the corporation's creditors. "Almost every non-willful failure to pay taxes is the result of financial difficulties." *Wolfe* v. *United States*, 612 F. Supp. 605, 608 (D. Mont. 1985), aff'd., 798 F.2d 1241 (9th Cir. 1986), cert. denied, 482 U.S. 927 (1987). The justification for violation would swallow the rule.

The plaintiff urges that the reason for the delinquencies be seen not as personal and self-serving but as matter of corporate survival; in Barnard's absence, the corporation's only asset, the restaurant, would have ceased operation. Commercial necessity does not, however, justify even so understandable an infringement as paying more pressing creditors out of the proceeds held for remittance to the Department of Revenue. A taxpayer may not "self-execute a government loan," *Brewery, Inc.* v. *United States*, 33 F.2d 589, 593 (6th Cir. 1994), or make the Commonwealth "an unwilling partner in a floundering business."

---

[1]"Trust fund taxes" are those paid, not out of the taxpayer's own fund, but out of funds, such as meals taxes here, collected by the taxpayer on behalf of the government. *McGlothin* v. *United States*, 720 F.2d 6, 8 (6th Cir. 1983) (payroll withholding taxes collected from employees are trust fund taxes). Such taxes, it is argued, are "not simply a debt"; the taxes are "held by the employer in trust for the government," *ibid.*, and never belong to the taxpayer. *Brewery, Inc.* v. *United States*, 33 F.3d 589, 592 (6th Cir. 1994). With respect to trust fund taxes, the commissioner argues, the standard for establishing reasonable cause is "exceptionally high," *ibid.*, and can only be found if the circumstances surrounding the delay are completely out of the taxpayer's control. See *Matter of Am. Biomaterials Corp.*, 954 F.2d 919, 927 (3d Cir. 1992). We need not decide if analysis of the case before us is enhanced by characterizing meals tax proceeds as held in trust, as it is clear that the restaurant is at least an agent of the Commonwealth for purposes of collecting and paying over the taxes, and an agent has a fiduciary duty to safeguard the funds and pay them over. See *Gagnon* v. *Coombs*, 39 Mass. App. Ct. 144, 154 (1995).

*Ibid.*, quoting from *Collins* v. *United States*, 848 F.2d 740, 742 (6th Cir. 1988). If a restaurant elects to use collected meals taxes to remain viable as a going concern, then it must pay the resulting late tax payment penalties as a cost, quite literally, of doing business.

The decision of the board must be affirmed.

*So ordered.*