Thomas A. **GUTHERIE, Sr.,** Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**No. 1:03–CV–46.**

United States District Court,
E.D. Tennessee.

Jan. 26, 2005.

Thomas A Gutherie, Sr, Chattanooga, TN, pro se.

Jason S Zarin, US Department of Justice Tax Division, Washington, DC, for Defendant.

## MEMORANDUM

COLLIER, District Judge.

Plaintiff, *pro se*, Thomas A. Gutherie, Sr. brings this action under 26 U.S.C. § 7422 for recovery of sums paid toward civil tax penalties (Court File No. 1). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1)

and venue lies in this district pursuant to 28 U.S.C. § 1402(a)(1).

Before the Court are a Motion for Summary Judgment filed by Defendant United States of America ("Defendant") (Court File No. 15) and a Cross Motion for Summary Judgment filed by Plaintiff Thomas A. Gutherie, Sr. ("Plaintiff") (Court File No. 17). In resolving these motions, the Court considered Defendant's supporting memorandum and response (Court File No. 15, Exh. 4; Court File No. 20) and Plaintiff's supporting memorandum and response (Court File No. 18). For the following reasons, the Court will GRANT Defendant's Motion for Summary Judgment and DENY Plaintiff's Cross Motion for Summary Judgment.

## I. STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issue of material fact exists, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323, 106 S.Ct. at 2552.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.; Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994).

## II. RELEVANT FACTS

The United States Internal Revenue Code requires most employers to withhold Social Security, Medicare, and federal income taxes from their employees' wages. *See* 26 U.S.C. §§ 3102, 3402. This money is held in trust by the employer for the United States until it is paid to the Internal Revenue Service ("IRS") on a quarterly basis; these monies often are called "trust fund taxes." 26 U.S.C. § 7501(a); *Bell v. United States*, 355 F.3d 387, 392 (6th Cir.2004). Employers who willfully fail to remit the withheld trust fund taxes

are personally liable for 100 percent of those taxes, as a civil tax penalty under 26 U.S.C. § 6672 ("Section 6672").

Greensboro Lumber Company ("GLC"), of which Plaintiff was president, failed to pay the trust fund taxes it owed for the first and third quarters of 1990, the taxable periods ending March 31, 1990 and September 30, 1990, respectively. GLC filed a bankruptcy petition for Chapter 11 reorganization on November 5, 1990 (Court File No. 1, Exh. A). In GLC's bankruptcy proceedings, the IRS asserted a secured claim of $41,925.10 in unpaid trust fund taxes for the first quarter of 1990 and an unsecured claim of $18,477.80 in unpaid trust fund taxes for the third quarter of 1990 (Court File No. 15, Exh. 2). On November 12, 1993, GLC settled the IRS's secured claim for trust fund taxes for the first quarter of 1990 by paying $64,191.08 in taxes, penalties, and pre- and post-petition interest (Court File No. 15, Exh. 2; *see also In re Greensboro Lumber Co.*, 183 B.R. 316, 317 (Bankr. M.D.Ga.1995)).

After the GLC bankruptcy was complete, on February 20, 1995, Plaintiff personally was assessed a penalty (referred to by parties as the "trust fund recovery penalty") of $26,164.10 under Section 6672 for his failure as president of GLC to pay GLC's trust fund taxes for the third quarter of 1990 (Court File No. 15, Exh. 1). Plaintiff paid various amounts towards this penalty between 1993 and 2001, totaling $8,039.92 (Court File No. 1). On June 30, 2000, Plaintiff filed a Claim for Refund and Request for Abatement with the IRS, seeking a refund of payments he had made between November 1, 1993 and April 15, 2000 (Court File No. 1, Exh. A). The IRS disallowed Plaintiff's claim for refund on February 12, 2001, and on February 7, 2003, Plaintiff filed this action seeking recovery of the amounts he paid between 1993 and 2001. In response to Defendant's motion to dismiss (Court File No. 4), this Court held Plaintiff had met jurisdictional prerequisites only for payments he made on August 4, 1998 ($816.36) and April 15, 2000 ($273.94), and dismissed his claims for all other payments (*See* Court File Nos. 8, 9). Accordingly, Plaintiff proceeds only in his claims for recovery of those two payments, totaling $1,090.30, plus interest, and costs and other relief allowed by law.

Defendant filed an answer and counterclaim against Plaintiff on May 26, 2004, asserting Plaintiff owes $43,292.10 on the trust fund recovery penalty assessed against him, plus statutory interest, penalties, and additions accruing on this amount since March 1, 2004. Defendant seeks this amount, the costs of prosecuting this action, and such other relief as the Court deems just and proper (Court File No. 10).

III. *DISCUSSION*

A. Plaintiff's Claims

Tax assessments are presumed correct, so a plaintiff filing suit for refund of an assessment he has paid in part has the burden of showing the assessment is inaccurate or erroneous. *Collins v. United States*, 848 F.2d 740, 742 (6th Cir.1988), citing *Avco Delta Corp. v. United States*, 540 F.2d 258, 262 (7th Cir.1976), *cert. denied sub nom. Canadian Parkhill Pipe Stringing Ltd.*, 429 U.S. 1040, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). The statute under which Plaintiff was assessed the trust fund recovery penalty states:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penal-

ties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672. Plaintiff may show the assessment under Section 6672 was inaccurate or erroneous by proving by a preponderance of the evidence he was not a responsible person who willfully failed to pay the trust fund taxes. *Bell*, 355 F.3d at 393.

In his complaint, Plaintiff contests neither his responsibility for paying the trust fund taxes nor his willful failure to pay them (Court File No. 1), and in his cross motion for summary judgment and response, Plaintiff concedes the IRS was proper in assessing this penalty under the statute (Court File No. 18, p. 1). Plaintiff instead focuses on two collateral issues as the reasons the IRS erroneously asserted the trust fund penalty against him, which the Court will address in turn. Because the parties do not contest the propriety of Defendant's assessment of the trust fund recovery penalty against Plaintiff under the statute, the Court only will address Plaintiff's claims the assessment was erroneous for non-statutory reasons.

The Court notes at the outset Plaintiff in his cross motion for summary judgment and response relies on Defendant's statement of undisputed facts in its motion for summary judgment (*see* Court File No. 17, p. 1), thus the parties agree there are no genuine disputes of any material facts.

1. Trust Fund Taxes Already Had Been Paid by GLC

 Plaintiff in his first claim asserts any trust fund taxes GLC owed were paid in full during GLC's bankruptcy by GLC's $64,191.08 payment to the IRS, thus the assessment against him under Section 6672 was improper (Court File No. 1 ¶ 11). Because the IRS is entitled to only one

satisfaction of the trust fund tax liability, once it has obtained that satisfaction from the employer, it must abate all assessments against responsible individuals under Section 6672. *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir.1986). Accordingly, Plaintiff may show his assessment was erroneous by proving the IRS already had obtained satisfaction of the trust fund tax liability from GLC.

Although Plaintiff argued in his complaint the parties involved in GLC's bankruptcy intended GLC's $64,191.08 payment to satisfy the unpaid tax liability for the third quarter of 1990 that was later assessed against him under Section 6672 (Court File No. 1, ¶¶ 12–15), Plaintiff made no such argument and put forth no proof of any such agreement in his cross motion for summary judgment and response (*See* Court File Nos. 17, 18). Plaintiff has not put forth any evidence, much less the significant probative evidence required in a response to a motion for summary judgment, to support his .claim this payment satisfied the tax liability for the third quarter of 1990, therefore Plaintiff has not shown the trust fund taxes for which he was assessed already ·had been paid by GLC. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

Additionally, Defendant submitted two pieces of evidence refuting Plaintiff's claim of prior satisfaction, the proof of claim it filed during GLC's bankruptcy showing a secured claim in the amount of $41,925.10 for the first quarter of 1990 and an unsecured claim for $18,477.80 for the third quarter of 1990 (Court File No. 15, Exh. 2), and an opinion issued in GLC's bankruptcy proceeding showing the $64,191.08 payment applied only to the secured claim for the first quarter of 1990:

The IRS's secured claim includes $49,500.31 for prepetition taxes, penalties, and interest... [and] $14,690.77 in

postpetition interest. In order to stop the accrual of postpetition interest, [GLC] issued a check dated November 12, 1993, in the amount of $64,191.08. The check was payment in full of the amount demanded by the IRS.

*In re Greensboro Lumber Co.,* 183 B.R. 316, 317 (Bkrtcy.M.D.Ga.1995) (emphasis added). This evidence shows the third quarter tax liability was not paid by GLC in its $64,191.08 payment, thus it had not been satisfied when the IRS assessed its penalty for this tax liability against Plaintiff under Section 6672.

Because tax assessments are presumed correct, and Plaintiff has not met his burden of showing GLC's prior satisfaction of the tax liability rendered this assessment inaccurate or erroneous, Defendant must prevail as a matter of law, and the Court will GRANT Defendant's motion and DENY Plaintiff's cross motion for summary judgment on this claim. *See Collins,* 848 F.2d at 742.

2. Defendant Permitted GLC's Assets to be Dissipated and Lost Instead of Applied to the Tax Burden

▆▆▆ Plaintiff argues, as an alternative to his first argument, Defendant should be prohibited from pursuing GLC's unpaid trust fund taxes from him because it failed to make a good faith effort to collect these taxes from GLC's assets [1] during its bankruptcy (Court File No. 1, ¶ 19). Defendant correctly notes the personal liability Section 6672 creates is separate and distinct from the trust fund tax liability imposed on the employer, and the IRS has no obligation to attempt to collect trust fund tax-es from the employer before assessing a penalty against an individual under Section 6672. *Calderone,* 799 F.2d at 257; *see also Frank v. D'Ambrosi,* 4 F.3d 1378, 1386 (6th Cir.1993). Defendant's argument is supported by the plain language of Section 6672, which does not require any effort by the IRS to collect these taxes from the employer before the IRS may assess the penalty against a responsible person. *See generally* 26 U.S.C. § 6672. Therefore, the IRS's failure, if any, to collect GLC's assets and apply them to the trust fund tax liability has no bearing on Defendant's ability to assess a penalty against Plaintiff under Section 6672, and Defendant must prevail on this claim as a matter of law.

Plaintiff has not pointed to any statute or relevant caselaw to refute Defendant's argument. The majority of the cases Plaintiff cites in support of his argument are unconvincing on three counts, in that they are not binding precedent on the Court, do not require the rule for which Plaintiff argues, and did not arise in similar factual situations to the one at hand. *See In re Greenberg,* 105 B.R. 691 (Bkrtcy. M.D.Fla.1989) (individuals in bankruptcy sought order requiring IRS to apply tax payments by employer to trust fund liability for which individuals could be held liable; court required IRS to seek payment in manner furthering interest of the government in maximizing revenue and treating taxpayers equitably and fairly, remanded for evidentiary hearing); *Kelly v. Lethert,* 362 F.2d 629, 635 (8th Cir.1966) (court denied injunction to individual assessed penalty under Section 6672 because

---

1. The Court would note Plaintiff's brief (Court File No. 18) focuses on Rayle Electric capital credits Plaintiff asserts were an asset of GLC's bankruptcy estate, and Defendant's failure to support the objection Plaintiff filed in GLC's bankruptcy proceedings regarding these capital credits. Because the Court finds Defen-

dant had no obligation whatsoever to pursue assets from the employer (GLC) before assessing the Section 6672 penalty against Plaintiff, the Court need not address Defendant's actions or omissions during GLC's bankruptcy proceedings.

that section makes responsible individuals and employer "equally liable as co-debtors to the Government, and the Government may proceed against either in the order best suited in its judgment to collect the unpaid tax," although, as a matter of fairness, IRS should seek payment of trust fund taxes from employer first); *Tozier v. United States*, 1965 U.S. Dist. LEXIS 9801 at \*26 (W.D. Wash. April 13, 1965) (court held Section 6672 penalty void where, after expressly agreeing to apply employer's tax payments only to trust fund tax liability for which individuals could be held liable under Section 6672, IRS applied employer's tax payments to other liabilities, then assessed Section 6672 penalty against individuals).

Plaintiff cites one case that stands for a proposition that would support his argument, *McCarty v. United States*, 194 Ct.Cl. 42, 437 F.2d 961 (1971) (IRS abused its discretion in collecting tax from individual under Section 6672 rather than from employer where it could have foreclosed on tax liens on employer's property to collect tax liability). However, in a fact situation very similar to the one before the Court, the United States Court of Appeals for the Sixth Circuit expressly refused to extend the *McCarty* holding to void a Section 6672 penalty and limited *McCarty* to its facts, those unusual circumstances where the government itself prevented the employer from paying the trust fund taxes. *See Calderone*, 799 F.2d at 257 (*McCarty* did not apply where financially distressed employer simply failed to pay trust fund taxes and IRS assessed a penalty under Section 6672 against its president). Plaintiff does not allege the government itself or any of its agencies prevented GLC from paying the trust fund taxes at issue here, thus *McCarty* does not apply to require the IRS to seek payment from GLC before assessing a Section 6672 penalty against him. *Id.*

Although in his complaint Plaintiff seems to make an equitable estoppel claim (Court File No. 1 ¶ 19), he failed to elaborate or even raise any such argument in his brief on summary judgment (*See* Court File No. 18). Since tax assessments are presumed correct, and Plaintiff has not met his burden of showing Defendant's failure to collect the tax from GLC rendered this assessment erroneous, Defendant must prevail as a matter of law and the Court will GRANT Defendant's motion and DENY Plaintiff's cross motion for summary judgment on this claim. *See Collins*, 848 F.2d at 742.

## B. Defendant's Counterclaim

Because a tax assessment is presumed correct, the taxpayer has the burden even on Defendant's counterclaim of proving the assessment is inaccurate or erroneous. *Collins*, 848 F.2d at 742. Since Plaintiff has conceded both that the IRS had a claim against GLC in the amount of $18,477.80 for unpaid trust fund taxes for the third quarter of 1990 and that the IRS has the right to assess a penalty under Section 6672 against him as a principal officer of GLC, and Plaintiff's collateral arguments fail as analyzed *supra*, Plaintiff has made no showing the assessment was inaccurate or erroneous. *Id.* As Plaintiff has not overcome the presumption of correctness Defendant enjoys in all its assessments, Defendant must prevail as a matter of law as to its claim for this assessment. *Id.* Therefore, since no genuine dispute of material fact exists as to whether the assessment of the trust fund recovery penalty against him was proper and Defendant must prevail as a matter of law, the Court will GRANT Defendant's motion and DENY Plaintiff's cross motion for summary judgment on Defendant's counterclaim for the amount due on this penalty.

## IV. *CONCLUSION*

For the reasons stated above, the Court will GRANT Defendant's Motion for Summary Judgment (Court File No. 15), and the Court will DENY Plaintiff's Cross Motion for Summary Judgment.(Court File No. 17).

An Order shall enter.

## ORDER

In accordance with the accompanying Memorandum, the Court hereby GRANTS Defendant's Motion for Summary Judgment (Court File No. 15), and DENIES Plaintiff's Cross Motion for Summary Judgment (Court File No. 17).

SO ORDERED.