**UNITED STATES of America,**
**Plaintiff,**

v.

**George KRALJEVICH, Defendant.**

**No. CIV. 02–40316.**

United States District Court,
E.D. Michigan,
Southern Division.

April 8, 2005.

See also 2004 WL 1192442.

---

Thomas P. Cole, Department of Justice Tax Division, Washington, DC, for Plaintiff.

George Kraljevich, Brighton, MI, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GADOLA, District Judge.

## I. INTRODUCTION

On August 2, 2004 and September 9, 2004, the Court conducted a bench trial in this case. The parties each submitted proposed findings of fact and conclusions of law in late September 2004. The Court now issues its findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. These findings of fact and conclusions of law represent the Court's consideration of all of the evidence in light of the pertinent law, the Court's observation of the witnesses, and its evaluation of their demeanor, qualifications, and credibility. *See Seal–Flex, Inc. v. W.R. Dougherty & Assocs., Inc.*, 254 F.Supp.2d 647, 649 (E.D.Mich.2003) (Gadola, J.). Every finding of fact that may be construed to incorporate a conclusion of law is hereby adopted as a conclusion of law. *See id.* Every conclusion of law that may be construed to incorporate a finding of fact is hereby adopted as a finding of fact. *See id.* The subheadings used herein are for convenience only. *See id.* If a finding of fact or conclusion of law is pertinent to any determination other than that indicated by the heading under which it appears, it is deemed adopted as a finding of fact or conclusion of law applicable to such other determination or determinations as may be appropriate. *See id.*

## II. BACKGROUND FACTS

1. The Government filed the complaint in this case against Defendant on December 2, 2002, asserting unpaid liabilities for federal internal revenue taxes, plus statutory accruals, for tax periods in 1991 and 1992. Complaint, docket entry 1.

2. Defendant, George Kraljevich, who is proceeding *pro se*, claims that all of the tax liabilities have been paid, and that he is entitled to "restitution" for the "wrongful, malicious complaint." Def. Trial Brief at ¶ E.

## III. LEGAL STANDARD: CONCLUSIONS OF LAW

3. The Internal Revenue Code "requires most employers to withhold Social Security, Medicare, and federal income taxes from their employees' wages." *Bell v. United States*, 355 F.3d 387, 392 (6th Cir.2004) (citing 26 U.S.C. §§ 3102, 3402).

4. "Congress created a rigorous penalty for those who fail to remit the withheld [ ] taxes to the Government." *Id.*

5. The Government's complaint in this case is brought under 26 U.S.C. § 6672(a), which states,

Any *person* required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment

thereof, *shall,* in addition to other penalties provided by law, *be liable* to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a) (emphasis added).

6. The statute further defines "person" as "includ[ing] an officer or employee of a corporation ... who ... is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b).

7. The Supreme Court has interpreted this language to mean that "an employer-official or other employee responsible for collecting and paying taxes who willfully fails to do so is subject to [ ] a civil penalty equivalent to 100% of the taxes not collected or paid." *Slodov v. United States,* 436 U.S. 238, 245, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978).

8. The Sixth Circuit has also noted that under 26 U.S.C. § 6672, "the person responsible for paying these trust fund taxes over to the government should be personally liable for their diversion." *Collins v. United States,* 848 F.2d 740, 742 (6th Cir.1988).

9. To summarize the requirements under section 6672, "[t]wo requirements must be met before one can be liable .... The taxpayer must: (1) be a 'responsible person' under the statute, and (2) have 'willfully' failed to pay over the taxes due." *Kinnie v. United States,* 994 F.2d 279, 283 (6th Cir.1993).

10. In determining whether an individual is a "responsible person," the Sixth Circuit has considered the following factors:

(1) the duties of the officer as outlined by the corporate by-laws;

(2) the ability of the individual to sign checks of the corporation;

(3) the identity of the officers, directors, and shareholders of the corporation;

(4) the identity of the individuals who hired and fired employees;

(5) the identity of the individuals who are in control of the financial affairs of the corporation.

*Id.*

11. The Sixth Circuit has also advised that the "willful" requirement is satisfied "if the responsible person had knowledge of the tax delinquency and failed to rectify it when there were available funds to pay the government." *Gephart v. United States,* 818 F.2d 469, 475 (6th Cir.1987) (citation omitted).

12. If the Internal Revenue Service ("IRS") determines that a violation has occurred, the IRS will issue an assessment. *See* 26 U.S.C. § 6671(a); *see also* ¶ 5–7.

13. As the Supreme Court has stated, "an 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia,* 536 U.S. 238, 242, 122 S.Ct. 2117, 153 L.Ed.2d 280 (2002).

14. The Supreme Court has also held that such "an assessment is entitled to a legal presumption of correctness." *Id.*

15. The Sixth Circuit has held that "[c]ertificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir.1992).

16. If the Government introduces into evidence Certificates of Assessments and Payments (Form 4340), "to which the presumption of correctness at-

tache[s]," then the Government has thereby "established a prima facie case." *United States v. Walton,* 909 F.2d 915, 919 (6th Cir.1990).

17. The burden of proof is "upon the taxpayer not only to prove that the Commissioner's determination was erroneous, but to show the correct amount of the tax." *Gasper v. Commissioner,* 225 F.2d 284 (6th Cir. 1955) (citing *Helvering v. Taylor,* 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935)).

18. The taxpayer also "bears the burden of proving that he is not a responsible person under section 6672 and that he did not act willfully in failing to pay over the taxes." *Kinnie,* 994 F.2d at 283.

19. Finally, the Court notes that payments made to the IRS are either "voluntary" or "involuntary." *See In re DuCharmes & Co.,* 852 F.2d 194, 196 (6th Cir.1988); Aug. 2, 2004 Tr. at 28–29.

20. An involuntary payment is defined as "any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefor." *Id.* (internal quotation and citation omitted).

■ 21. If a taxpayer does not designate how a voluntary payment made to the IRS should be applied, the IRS may apply the payment consistent with its policies and in its best interests. *See Kinnie,* 994 F.2d at 286–87.

■ 22. A taxpayer cannot designate how an involuntary payment should be applied. *See DuCharmes,* 852 F.2d at 196.

**FINDINGS OF FACT**

23. The Court finds the witnesses Joanne Rogers, Linda Stamey, and John Sacker to be credible.

24. The Court finds Mr. Kraljevich to be credible insofar as the Court finds him to hold honestly his beliefs about the taxes due. The Court, however, respectfully finds that Mr. Kraljevich's beliefs are incorrect based on the law and based on the application of payments to the tax liabilities for different tax periods, as will be discussed below.

■ 25. The Court must first determine whether Mr. Kraljevich is a responsible person under the statute. *See* ¶¶ 7–10.

26. Mr. Kraljevich was the sole owner and president of Maximum Industries, Incorporated. Aug. 2, 2004 Tr. at 66.

27. There were no other directors of Maximum Industries, Incorporated, and therefore Mr. Kraljevich was the sole controlling individual in the corporation. *Id.*

28. Mr. Kraljevich signed Form 941 employment tax returns on behalf of the corporation. *Id.* at 101.

29. Mr. Kraljevich could independently sign checks on behalf of the corporation. *Id.* at 117.

30. In Government Exhibit 12, Mr. Kraljevich wrote and signed a statement that "I hereby swear that I, George Kraljevich, am solely responsible for all tax debts incurred by Maximum Industries." *Id.* at 111; Government Exhibit ("GX") 12.

31. The Court finds that Mr. Kraljevich is a responsible person under 26 U.S.C. § 6672(a). Aug. 2, 2004 Tr. at 111, 119, 127; *see* ¶¶ 26–30.

■ 32. The Court must next determine whether Mr. Kraljevich willfully failed to pay the taxes under 26 U.S.C. § 6672(a). *See* ¶¶ 9, 11.

33. Mr. Kraljevich acknowledged that he knew of the tax liabilities at the time

the taxes were due in 1991 and 1992. Aug. 2, 2004 Tr. at 114–17.

34. During that same time period of the tax liabilities, the corporation was purchasing operating materials and paying other expenses. *Id.* at 118–19.

35. Since Mr. Kraljevich knew of the tax liabilities and chose to pay other expenses, the Court finds that Mr. Kraljevich willfully failed to pay the tax liabilities under 26 U.S.C. § 6672(a). Aug. 2, 2004 Tr. at 119; *see* ¶¶ 11, 31–32.

36. Because Mr. Kraljevich is a responsible person who willfully failed to pay the tax liabilities for the corporation, Mr. Kraljevich is liable for one-hundred percent of the tax liabilities. *See* 26 U.S.C. § 6672(a). The Court will next determine the amount of the liability for the periods in issue in this case: 1991 and 1992.

37. The Government has introduced into evidence a Certificate of Assessment, Form 4340, against Mr. Kraljevich. Aug. 2, 2004 Tr. at 20; GX 1.

38. This Certificate of Assessment is presumed to be correct. *Id.;* ¶ 14–15.

39. Mr. Kraljevich bears the burden of proving that the Certificate of Assessment is incorrect as well as the correct amount of the tax. *See* ¶ 17.

40. The Certificate of Assessment states that the amount of the penalty assessed is $18,338.59 for the periods of 1991 and 1992. Aug. 2, 2004 Tr. at 23; GX 1.

41. The amount of $18,338.59 is based on the following deficiencies in tax payments:

  A. A deficiency for the second quarter of 1991 of $2,143.86. GX 2.

  B. A deficiency for the third quarter of 1991 of $2441.37. GX 2.

  C. A deficiency for the fourth quarter of 1991 of $3,180.42. GX 2.

  D. A deficiency for the first quarter of 1992 of $4,066.23. GX 2.

  E. A deficiency for the second quarter of 1992 of 6,506.71. GX 2.

  F. These deficiencies total $18,338.59 ($2,143.86 + $2441.37 + $3,180.42 + $4,066.23 + 6,506.71).

42. A fee of $22.00 was charged on December 26, 1994. Aug. 2, 2004 Tr. at 23; GX 1; GX 25.

43. A fee of $19.00 was charged on October 13, 2003. Aug. 2, 2004 Tr. at 24; GX 25.

44. The total of the tax liability plus the fees is $18,379.59 ($18,338.59 + $22.00 + $19.00). ¶¶ 40–43; GX 25.

45. Interest is also due on the total of $18,379.59.

46. This total due reflects that voluntary payments were made totaling $10,700.00 on the tax liabilities for the 1991 and 1992 periods. GX 2.

47. The Court notes that there were also tax deficiencies assessed against Maximum Industries for the 1985, 1987, and 1989 tax periods. GX 17, 18.

48. Although the tax periods in 1985, 1987, and 1989 are not at issue in the present case, the tax deficiencies for those periods are relevant because, as discussed below, certain amounts Mr. Kraljevich believes that he never received credit for were credited to these earlier deficiencies.

49. In particular, Mr. Kraljevich claims that the amount due for the 1991 and 1992 tax periods is incorrect because it does not include credit for the machinery and hard assets of Maximum Industries that were allegedly seized by the Government. *See, e.g.,* Aug. 2, 2004 Tr. at 83, 86, 92.

50. The Court finds no evidence that the IRS seized machinery or hard assets from Maximum Industries. Aug. 2, 2004 Tr. at 129, 142; Sept. 9, 2004 Tr. at 191.

51. Certain pieces of machinery, ancillary equipment, and tools (collectively referred to as "machinery" below) that belonged to Maximum Industries were sold to Mr. John Sacker, who formed the company Crew Gauge. Sept. 9, 2004 Tr. at 191–93, 204.

52. Mr. Sacker agreed to pay $12,900.00 to Mr. Kraljevich for the machinery. *Id.* at 201.

53. Mr. Sacker took immediate possession of the machinery in approximately the summer of 1992. *Id.* at 196, 202.

54. Mr. Sacker did not make a down payment on the machinery, nor did he ever pay any amount to Mr. Kraljevich for the machinery. *Id.* at 201, 204.

55. After making the agreement with Mr. Kraljevich, Mr. Sacker learned from IRS agent Ms. Linda Stamey, that there was a Government lien on the machinery. *Id.* at 219.

56. To resolve the issue, Mr. Sacker agreed to pay the Government for the machinery from Crew Gauge's receivables. *Id.*

57. Mr. Sacker's recollection that a payment of between $16,000.00 and $18,000.00 was made to the Government for the machinery from the receivables is consistent with the credit of $19,105.00 paid by a levy of receivables on October 12, 1993. GX 17.

58. As a levy, this amount was considered an involuntary payment. *See* ¶ 19–20.

59. Consequently, this levy from United Technologies Automotive was applied in the best interest of the IRS. *See* ¶ 21.

60. The IRS applied the full amount of the levy to the tax liabilities as follows: $16,000.00 was applied to the 1985 tax liabilities (GX 17) and $3,105.00 was applied to the 1987 liabilities (GX 18).

61. Critical to understanding this transaction, the amount for the machinery was credited towards the tax liabilities of Maximum Industries for 1985 and 1987; it was not applied to the liabilities for the periods in 1991 and 1992 that are at issue in the present case. GX 17.

62. Thus, the Court concludes that the value of the machinery in question was applied to the tax liabilities, even though it was not applied to the particular liabilities for the 1991 and 1992 periods at issue in this case. ¶¶ 57–61.

63. Mr. Kraljevich made a number of voluntary and involuntary payments, each of which was credited to the tax liabilities for one of the tax periods, as discussed in the following paragraphs.

64. On about November 27, 1992, Mr. Kraljevich's attorney, Robert W. Lee sent the IRS three checks for a total payment of $10,700.00. Sept. 9, 2004 Tr. at 160.

65. These three checks, were for $5,000.00, $4,700.00, and $1,000.00 and were applied to the 1991 and 1992 tax liabilities. GX 2.

66. Overpayments on Mr. Kraljevich's income taxes from 1990 to 1996 were credited towards the 1989 tax liabilities. GX 20.

67. A levy on Mr. Kraljevich's wages, in $250.00 installments, was applied to the 1989 tax liabilities. GX 20.

68. A payment of $55,326.00 was also applied to the 1989 tax liabilities. GX 19.

69. The Court does not find any evidence of a payment, seizure, or levy that was taken from Maximum Industries or Mr. Kraljevich that was not credited to the tax liabilities. Even though some payments were not applied to the particular 1991 and 1992 tax liabilities at issue in this case, the payments were properly applied and credited to other tax liabilities. *See* GX 1, 17–24.

70. Mr. Kraljevich has not met his burden of proving that the Certificate of Assessment is incorrect. ¶¶ 17, 18, 39.

71. Finally, Mr. Kraljevich claims that he "was never given the opportunity to defend [himself] and pay the taxes." Aug. 2, 2004 Tr. at 92. The Court finds this contention does not affect the Court's legal conclusion that Mr. Kraljevich is a responsible person who willfully failed to pay the tax liabilities for the corporation, as discussed above. Furthermore, given that Mr. Kraljevich knew that the taxes were owed, the Court finds his contention that he had no opportunity to pay the taxes to be without merit. *See, e.g.,* Aug. 2, 2004 Tr. at 94–95, 100–02, 106, 108–10, 123–25; *see also* ¶ 15.

## IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ADJUDGED** that the United States of America shall recover of Defendant the sum of $18,379.59, plus statutory interest.

**IT IS FURTHER ORDERED** that, because the parties have not briefed the calculation of the interest for the various tax periods, the Government shall submit a proposed judgment in accordance with local rule 58.1(c) within seven days of service of this document. Defendant may file a response to the Government's proposal within seven days of service of the Government's proposal. *See* E.D. Mich. Local R. 58.1(c)(1).