NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0727n.06

No. 08-6261

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| NIRMALA NORONHA, | ) | |
| | ) | **FILED** |
| Appellant, | ) | **Nov 06, 2009** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| INTERNAL REVENUE SERVICE, | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| Appellee. | ) | |
| | ) | |
| | ) | |

Before: KEITH, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Nirmala Noronha appeals the bankruptcy court's order denying her objection to the Internal Revenue Service's proof of claim in her Chapter 13 bankruptcy proceeding. We affirm.

I.

Noronha and her husband, David Noronha ("David"), formed Internal Data Group, Inc. ("IDG"), a technical personnel staffing agency, in 1988. During the time relevant here—primarily 1999-2001—Noronha and David each owned 50% of the company's stock. David was IDG's president then, and Noronha its secretary and treasurer.

Norohona and David transferred more than $250,000 of their own money to IDG during 1999 and 2000. In August 2000, they also co-signed a $350,000 revolving line of credit with PNC Bank.

Despite those transfers, IDG did not pay its withholding taxes in the second and third quarters of 2000. The IRS assessed the outstanding tax at $132,264.56, and determined that—as a "responsible person" required to collect the tax—Noronha was personally liable under 26 U.S.C. § 6672(a) for the unpaid taxes.

Noronha thereafter filed a Chapter 13 bankruptcy petition. The IRS filed a proof of claim for $170,221.81, based upon the unpaid IDG taxes, penalties, and interest. Noronha filed an objection to the proof of claim, which objection the bankruptcy court denied. Norohona appealed to the district court, which affirmed the bankruptcy court's order. This appeal followed.

II.

In a bankruptcy appeal from a district court, we "review the bankruptcy court's legal conclusions *de novo* and uphold its factual findings unless clearly erroneous." *In re Eagle-Picher Indus., Inc.*, 447 F.3d 461, 463 (6th Cir. 2006) (internal quotation marks omitted).

Noronha argues that she is not personally liable for IDG's delinquent taxes under 26 U.S.C. § 6672(a). That section provides that "any person" who is required to collect taxes and willfully fails to account for and pay over them is personally liable for the total amount not paid to the government. *Gephart v. United States*, 818 F.2d 469, 473 (6th Cir. 1987). It attaches liability to an individual if she is a person "responsible" for paying the taxes and "willfully failed" to pay the taxes due. *Id.*

Noronha first argues that she was not a responsible person with respect to IDG's financial affairs. In deciding whether a person is "responsible" for paying taxes, we focus "upon the degree of influence and control which the person exercised over the financial affairs of the corporation and, specifically, disbursements of funds and the priority of payments to creditors." *Id.* We typically

-2-

consider factors such as the identity of the officers and shareholders of the corporation, or a person's ability to sign company checks. *Kinnie v. United States*, 994 F.2d 279, 283 (6th Cir. 1993).

Here, Noronha had the requisite control of IDG's financial affairs. She was the secretary and treasurer and a 50% shareholder of IDG during the two quarters in which it failed to pay its withholding taxes. Noronha also possessed check-writing authority for IDG from August 2000 to May 2001. She thus had control of the company's financial affairs on paper. And—notwithstanding Noronha's assertion to the contrary—she exercised that control in fact. On February 4, 2001, for example, Noronha called an IDG board meeting to discuss the company's financial problems, including specifically its unpaid taxes. Noronha also filed IDG's 2000 income tax return and exercised her check-writing authority on repeated occasions. These undisputed facts support the bankruptcy court's finding that she was a responsible person within the meaning of the statute.

Noronha says that finding is undermined, however, by her adherence to what she describes as traditional Indian culture—and specifically its alleged exclusion of women from business affairs. But the bankruptcy court found this aspect of Noronha's testimony—and indeed numerous others—to lack credibility. And for the reasons cited in its opinion, the record fully supports that finding. The bankruptcy court did not err, then, in finding that Noronha was a responsible person with respect to IDG's taxes.

Second, Noronha argues she did not willfully fail to pay IDG's taxes. "Willfulness is present if the responsible person had knowledge of the tax delinquency and knowingly failed to rectify it when there were available funds to pay the government." *Gephart*, 818 F.2d at 475. Here, Noronha signed and endorsed checks from IDG's account to herself, after she knew that IDG had failed to pay

its taxes. Her "deliberate choice to voluntarily, consciously, and intentionally pay other creditors rather than make tax payments" supports a finding of willful failure. *Collins v. United States*, 848 F.2d 740, 742 (6th Cir. 1988). The bankruptcy court was correct, therefore, to find Noronha liable under 26 U.S.C. § 6672(a), and to deny her objection to the IRS's proof of claim.

The bankruptcy court's judgment is affirmed.