MEMORANDUM **
Petitioner-Appellant, Western Management, Inc. (“Petitioner”), appeals the decision of the United States Tax Court, upholding Respondent Commissioner of Internal Revenue’s determination that Robert E. Kovacevich was an “employee” of Petitioner and, thus, that certain amounts paid to Kovacevich were “wages” subject to taxation under the Federal Insurance Contributions Act (“FICA”) and the Federal Unemployment Tax Act (“FUTA”), as well as income tax withholding under 26 U.S.C. § 3402(a).
Based on the record before us, we conclude as follows:
1. The Tax Court did not clearly err in finding that Mr. Kovacevich was a “statutory employee” of Petitioner under 26 U.S.C. § 3121(d)(1). The services that Mr. Kovacevich performed for Petitioner are virtually analogous to those performed by the attorney/offieer in Van Camp & Bennion v. United States, 251 F.3d 862, 866 (9th Cir.2001), in that Kovacevich “exercised sole authority to make major corporate decisions” such as paying creditors, signing checks, signing the corporation’s Federal tax returns and drawing money from corporate accounts.
2. Mr. Kovacevich is not exempt from classification as an “employee” of Petitioner by virtue of the operation of 26 U.S.C. § 3121(c). As the Tax Court noted, that Section prevents an employee’s services (and wages derived therefrom) from triggering tax liability under the FICA if more than half of the services performed do not constitute “employment.” “Employment” is broadly defined by 26 U.S.C. § 3121(b)(1) as “any service, of whatever nature, performed ... by an employee for the person employing him.” Clearly, the services performed by Mr. Kovacevich on behalf of Petitioner fell within this definition.
3. The mere fact that Mr. Kovacevich “had a substantial investment in the facilities used” in the performance of his services on behalf of Petitioner—i.e., that he personally owned all of the tangible assets of the law office—does not remove him from the statutory definition of “employee.” Based on the plain language of the statute, an individual’s “substantial investment” in the facilities used for the performance of services operates to remove that individual from the definition of “employee” only if he or she is classified as an “employee” under subsection (d)(3) of 26 U.S.C. § 3121, not subsection (d)(1), as the Tax Court found and we uphold.
4. The payments made to Kovacevich by Petitioner were clearly payments for “services rendered” and, thus, indisputably constituted “wages” for the purposes of both the FICA and the FUTA. See 26 U.S.C. § 3401(a). Petitioner wrote checks to Mr. Kovacevich, his wife (Yvonne Ko *781 vacevich), and their creditors directly from its corporate account, the monies in which were derived entirely from Mr. Kovacevich’s provision of legal services. Most significantly, Petitioner deducted these payments on its tax returns as “officer compensation.”
5. Petitioner has waived, for the purposes of this appeal, the issue of whether Petitioner was otherwise relieved from tax liability (under both the FICA and FUTA) pursuant to Section 530 of the Revenue Act of 1978, Pub.L. 95-600, 92 Stat. 2885 (1978), as its briefs contain no mention of Section 530 or the relief it provides. See, e.g., Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir.2003) (“[W]e review only issues which are argued specifically and distinctly in a party’s opening brief.”) (internal citation and quotations omitted).
6. The Tax Court did not err in adopting Respondent’s Rule 155 Calculations regarding the amount of “Social Security” (OASDI) tax assessed, as they were not in excess of the permissible wage base under 42 U.S.C. § 430.
7. The Tax Court did not err in adopting Respondent’s Rule 155 Calculations regarding the amount of FICA taxes owed, regardless of whether Kovacevichs paid self-employment taxes equivalent to the amounts owed. Congress has provided a separate procedure by which an individual subsequently determined to be an “employee” of an outside entity may seek a credit or refund of self-employment taxes already paid. See 26 U.S.C. § 6511(d)(7). Under this provision, the employer (i.e., Petitioner) remains the liable party.
8. The Tax Court did not err in adopting Respondent’s Rule 155 Calculations regarding the amount of FUTA taxes owed. While 26 U.S.C. § 6201(b)(2) prohibits the Commissioner from assessing unpaid FUTA taxes on a quarterly basis, such an assessment is proper once the taxpayer has filed its annual return.
9. The Tax Court did not err in reopening the record subsequent to the passage of the Community Renewal Tax Relief Act of 2000 (“CRTRA”), Pub.L. 106-554 sec. 314(f), 114 Stat. 2763A-643 (2000). The Court’s October 14, 1999 order dismissing Petitioner’s petition “insofar as it pertains to amounts of employment taxes and related additions to the tax” was not a “final” decision, because it was not dispositive of the entire ease. Thus, the statute of limitations did not bar the Tax Court from reopening the record to determine the exact amount of taxes owed, pursuant to the retroactive conferral of jurisdiction under the CRTRA
10. The Tax Court’s denial of Petitioner’s June 21, 2001 discovery motion was clearly within its discretion, as the information sought to be discovered thereby—i.e., Tax Court members’ participation in the legislative process leading up to the passage of the CRTRA—was not relevant to any of the issues before it. Accord River City Ranches #1 Ltd. v. Comm’r, 401 F.3d 1136, 1139 (9th Cir.2005) (“We will hold an order denying discovery to be an abuse of discretion only ‘upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.’”) (citation omitted).
11. The Tax Court did not err in granting Respondent’s motion, made at the 2002 trial, to incorporate the record from the trial of Robert E. and Yvonne Kovacevich in the related case of Kovacevich v. Comm’r, Tax Ct. No. 99-12815, into the record in this case. Petitioner cites no authority in support of its argument and, as the Tax Court noted, it did not timely object below.
12. The Tax Court did not err in failing to shift the burden of proof on the *782 issue of substantiation of the amount of the deficiencies owed from Petitioner to Respondent, pursuant to 26 U.S.C. § 7491(a)(1). That Section only applies to taxes imposed under subtitles A and B of the I.R.C.; the employment taxes at issue here are imposed under subtitle C.
13. The Tax Court did not err in failing to dismiss the case due to the inadequacy of the Notice of Determination itself. Pursuant to this Court’s decision in Scar v. Comm’r, 814 F.2d 1363 (9th Cir. 1987), a deficiency notice will generally be valid if it considers “information that relates to a particular taxpayer,” including information reported on the taxpayer’s returns. Scar, 814 F.2d at 1368. In this case, the Commissioner determined Petitioner’s employment tax deficiencies by referring to the amounts that Petitioner deducted as “officer compensation” on its 1994 and 1995 returns. Thus, consistent with Scar, the notice was adequate.
14. The final issue before the Court is whether, pursuant to 26 U.S.C. § 3402(d), Petitioner should not be held hable for income tax withholding, to the extent that the Kovacevichs paid personal income tax with respect to the wages at issue for the years in question. Respondent concedes that, to the extent that the Kovacevichs indeed paid income tax on the wages at issue, it cannot, under § 3402(d), collect withholding taxes on those same wages from Petitioner. However, the record contains no findings from the Tax Court concerning the applicability of § 3402(d), such that we cannot determine whether the Tax Court properly considered the issue in the first instance.
Based on the foregoing, we affirm the decision of the Tax Court in all respects except with regard to its calculations of the amount of income tax withholding owed under 26 U.S.C. § 3402(a). We remand to the Tax Court for consideration of the narrow issue of whether 26 U.S.C. § 3402(d) provides Petitioner with any relief from the collection of those taxes and, if so, for recalculation of the amounts owed. Cf. Estate of Cartwright v. Comm’r, 183 F.3d 1034, 1038 (9th Cir.1999).
AFFIRMED in part; REMANDED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.